Gaines and Wife *vs.* Reutch, Ex'r.

</div>

(Decided 5th February, 1886.)

---

John M. Gaines, and Susan Gaines, his Wife *vs.* Benjamin P. Reutch, Executor of Andrew Reutch.

*Executor and Administrator—Commissions.*

The right to commissions for administering upon a decedent's estate, does not in any sense arise from contract, but is founded only in statutory enactment.

An executor passed two administration accounts, on which he was allowed commissions as authorized by the then existing law. Prior to the stating of his third account an Act of Assembly (1884, ch. 470) was passed changing the rate of commissions to be allowed executors. Held:

That the allowance of commissions on the third administration account was to be determined by the later statute; but that the commissions allowed on the first and second administration accounts, passed prior to that statute, could not be disturbed.

Appeal from the Orphans' Court of Washington County.

The case is stated in the opinion of the Court. The female appellant is a daughter of the testator Andrew Reutch.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Henry H. Keedy,* for the appellants.

The Act of 1884, ch. 470, was the law in force when the third administration account was stated ; the prior law had been repealed, and the Court was compelled to act under the new law in fixing the commissions. The provisions of this Act concerning commissions are plain and explicit : "His commissions shall be at the discretion of the Court, not under two per cent., nor exceeding ten per cent. on the first twenty thousand dollars of the estate, and on the balance of the estate not more than two per cent." More than twenty thousand dollars of Mr. Reutch's estate had been administered and the $8082.02 was a part of the balance over twenty thousand dollars, and if the Act of 1884, ch. 470, applies, the duty of the Orphans' Court was clear, and not more than two per cent. could lawfully be allowed.

Commissions are only part of the costs, to be fixed and regulated by law, at the will of the Legislature. The Orphans' Court only can allow commissions by express provision of law. At common law none were allowed executors. Sec. 5, of Art. 93, of the Code, was repealed by the Act of 1884, ch. 470, and if this Act does not apply to this case, then there was no statutory provision for the allowance of any commissions.

As early as 1811, TILGHMAN, C. J., in *Wilson vs. Wilson,* 3 *Binn.,* 561, said : "In Maryland the executor has always received a commission, founded on Act of Assembly." Without the statute the common law rule must prevail, by which the trusts of an executor were looked upon as hon-

orary, the acceptance of which was voluntary and confidential, and not undertaken upon mercenary motives. 3 *Redfield on Wills,* 406 ; *Green vs. Winter,* 1 *John. Ch.,* 26 ; *Manning vs. Manning,* 1 *John. Ch.,* 527 ; *Wilson vs. Wilson,* 3 *Binney,* 557.

Article 81, section 107, of the Code, (Art. 11, sec. 99, of Code of 1878,) says the several Orphans' Courts shall fix the commissions of executors within twelve months from the grant of administration, and in all subsequent accounts wherein executors shall charge themselves with further assets; and in section 1 of Article 93, executors are required to state their first accounts within twelve months. The meaning of these sections, is, what the practice has been, namely, the fixing of the commissions by the Court when the accounts are stated.

In the case before the Court the commissions were fixed and allowed at the time the executor stated his third account, which was the 7th of October, 1884.

The Court in *Owings vs. State,* 22 *Md.,* 120, in discussing the rights, &c., of executors and the effect of a repealing Act, says : "The repealing section having been passed before the passage of the executor's account, we think he was entitled to the benefit of its operation." This was as against the State and affecting its revenues. If an executor is entitled to the benefit of a repealing Act before he states his account, why should not the legatees have the benefit of the repeal of sec. 5 of Art. 93, by which confessedly excessive commissions were allowed?

There is no element of contract between the State and the executor. There is no contract. The Legislature fixes the compensation of an officer of the Orphans' Court, and it is entirely within its control. Every executor when he voluntarily assumes the duties of his position, does it with the knowledge that the amount of commissions he may receive is in the control of the law-making power of the State. It is so with all officers, unless there is an express constitutional prohibition.

During every session of the Legislature the compensation and fees of various officers of the State are changed, and the power has never been questioned.

All who take upon themselves the duties of office or of any position whose compensation is fixed by law, do so with the understanding or agreement that the Legislature can at its will and pleasure change the compensation.

The legitimate result of the contention of the other side is, that when a person assumes a position of trust and profit, by giving his bond and entering upon the discharge of his duties, the supreme power of the State cannot change or lessen his compensation, or in any way affect the profits derived therefrom, during the whole time he holds his place.    The statement of the proposition carries with it its own refutation.

There is nothing retrospective in the present case.  This executor settled his second account in February, 1884. He then reported and settled all of the estate he had administered up to that time.   The third account settled in October, 1884, contained what he had administered after the law was passed and went into effect, and being over the first twenty thousand dollars of the estate of his testator, the Act of 1884, ch. 470, has a direct application.

*Hy. Kyd Douglas*, for the appellee.

RITCHIE, J., delivered the opinion of the Court.

The testator, Andrew Reutch, died May 1st, 1883, and the appellee qualified as executor of his will on the 22d of the same month.   As such executor he passed his first account October 22d, 1883, distributing $18,520.03 of the estate ; and on February 1st, 1884, passed his second account distributing $31,509.28.   In both these accounts the Orphans' Court allowed him a commission of eight per cent.   On the 7th day of October, 1884, after the passage

of the Act of 1884, ch. 470, approved by the Governor April 8th, 1884, the said executor stated his third account in which he distributed $8082.02 ; upon which sum the Orphans' Court allowed him eight per cent. commission. The appellants thereupon filed their petition objecting to this allowance on the third account as excessive under the Act of 1884, and claiming but two per cent. to be the highest legal commission. Their petition being dismissed, this appeal was taken.

The provision of the Act of 1884 in relation to commissions being, that they shall be, in the discretion of the Court, not less than two nor more than ten per cent. on the first twenty thousand dollars of the estate, and on the balance of the estate not more than two per cent., the appellants contend that more than twenty thousand dollars having been previously administered in the first two accounts, the sum of $8082.02 distributed in the third account of October 7th, 1884, being in excess of twenty thousand dollars, is subject to a commission not exceeding two per cent.

The appellee resists this view, arguing that the testator having died, and administration of his estate having begun before the passage of the Act of 1884, the executor was entitled to compensation according to the legal rate in force when he undertook the settlement of the estate, and that the Act of 1884 has no retroactive operation.

The right to commissions for administering upon an estate does not in any sense arise from contract, but is founded only in statutory enactment. At common law the office of executor was regarded as honorary, to be performed without remuneration. Commissions, like costs or salaries of public officials, are liable in the wisdom of the Legislature to be varied in amount, and executors and administrators have therefore, no vested right to maintain the standard of compensation throughout the entire period of acting as such, established at the time of taking out letters. They are entitled, however, when their com-

missions are fixed according to the law, as it then stands. A subsequent change in the law cannot retroactively deprive them of the compensation awarded under a former statute. Every enactment becomes the rule of compensation when it goes into operation. Up to the enactment of the Act of 1884, the statute repealed by it was the rule for affixing commissions of administrators. The Act of 1884 provides, that it shall take effect from the date of its passage. That date was April 8th, 1884. The first and second administration accounts of the appellee were passed before that time, and he was entitled to the compensation the law then allowed. So far as his right to compensation had accrued and been affixed in his administration accounts passed prior to the Act of 1884, it cannot be disturbed. But the portion of the estate unadministered and covered by the third account falls within the operation of the Act of 1884. All previous statutes relating to commissions were repealed by it, and no other standard existed. As the portion of the estate previously settled had been administered under the laws then in force, it cannot be computed with the portion unadministered when the Act of 1884, took effect. Every account settled after that Act became operative falls within its provision, and the amount of the estate represented in appellee's third account, $8082.02, must be computed as the first fractional part or the initial amount of the estate on which commissions are to be computed under the Act of 1884. As this amount is less than twenty thousand dollars, and under the Act of 1884, the Court in its discretion may, up to that amount, allow from two to ten per cent., and has allowed eight per cent., which is within the maximum amount which they may allow on the first twenty thousand dollars of an estate coming within the operation of the Act of 1884, its action was clearly authorized, and is not a subject of review.

Its order dismissing the appellants' petition, will therefore be affirmed.

*Order affirmed.*

(Decided 9th March, 1886.)


STONE, J., delivered the following dissenting opinion:

I am of opinion that the Act of 1884, does not apply to a case where administration was granted *before* the passage of that Act. I therefore dissent from so much of the opinion of the Court, that decides that question. I, however, agree to the conclusion arrived at by the Court in the opinion. This conclusion would be the same whether the account was settled under the Act of 1884, or the previous law.