(24 Misc. Rep. 698.)

### HANF v. HERRLICH.

(Supreme Court, Appellate Term. October 5, 1898.)

MUTUAL INSURANCE COMPANIES—DUES—NOTICE OF ARREARS.

The constitution and by-laws of a mutual benefit insurance company provide that when a member, at his death, owes six months' dues, his representatives shall be entitled to only a portion of the amount for which he was insured. Another by-law provides that the financial secretary shall give each member in arrears a written notice of the amount due. *Held*, that the latter by-law is for the benefit of the company only, so that, when a member was six months in arrears at his death, his representatives were bound by the former provision, although no notice had been given him.

Appeal from Second district court.

Action by Augusta Hanf against Phillip Herrlich, as treasurer of the Armenius Lodge, to recover the balance of a benefit due upon the death of her husband, who was a member of defendant lodge. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

August P. Wagener, for appellant.
F. P. Trautmann, for respondent.

BEEKMAN, P. J. The plaintiff's husband at the time of his decease was a member of the Armenius Lodge, the constitution and by-laws of which require each member to pay into the treasury certain dues at stated periods. Another provision is to the effect that the heirs and legal representatives of a deceased member shall receive upon his death certain benefits, to wit:

"Subd. 1. When a member at his death was, according to the by-laws of the lodge, entitled to all the benefits and privileges by reason of his having fully complied with all the requirements of the by-laws, and who had theretofore been a member for a period of six months, there shall be paid $150.

"Subd. 2. When a member has been in membership for six months shall owe the lodge three months' dues, $100.

"Subd. 3. When a member shall owe six months' dues, the sum of $75.

"Subd. 4. When any such member shall owe nine months' dues, $50."

The plaintiff, who is the widow of the deceased, now sues to recover the sum of $150, under subdivision 1 above quoted, less the sum of $75, which was paid to her by the defendant shortly after the death of the deceased. No question is made with respect to the right of the plaintiff to receive whatever benefits accrued to the heirs and legal representatives of the deceased by reason of his membership. It is conceded that at the time of the death of the deceased his dues for six months were unpaid. It is claimed, however, by counsel for the plaintiff, that the defendant cannot take advantage of this fact, owing to the failure of the lodge to notify the plaintiff's husband that he was so in arrears, and in support of this contention reference is made to a provision of the by-laws which reads as follows:

"The financial secretary shall keep a correct account between the lodge and its members, and pay over all moneys to the treasurer received by him. He shall notify all members after the second meeting in the month of March, June, September, and December who shall then owe moneys, with a written notice, specifying the amount of arrears, and adding five cents for the notice, which goes to the lodge."

It appears that such a notice was mailed to the plaintiff's husband; and, as the evidence shows that a few days before his death some money was paid into the lodge by his wife on his account, it is contended by defendant's counsel that it may be inferred from this that such notice was received. On the other hand, it is claimed on the part of the plaintiff that nothing but a personal service of the notice upon a member so in default will satisfy the requirements of the by-law, in the absence of any special provision therein permitting another kind of service.

However this may be, I do not think the question is important, in view of the fact that the plaintiff's husband was none the less in arrears for his dues though no notice may have been given to him under said by-laws. The direction to the financial secretary to give such notices was intended for the benefit of the lodge, and in order to secure a speedy collection of dues from members who might be in arrears. The giving of such a notice did not condition the right of the lodge to receive, or the obligation of the members to pay, their dues; so that, even if this requirement had been disregarded, they would be none the less in arrears and liable to pay whatever dues might have accrued. That being the case, it is manifest that the plaintiff was entitled to receive only the sum of $75, which was paid to her under subdivision 3 of the above-quoted by-law. The plaintiff's husband did owe the lodge six months' dues at the time of his death, and the plaintiff cannot, therefore, claim more than the sum which in that event was alone payable to her. The counsel for the plaintiff cites the case of Wachtel v. Society, 84 N. Y. 28, in support of his

claim. That case, however, is radically different in its facts from the one before us. There the defense was that the member had been expelled for nonpayment of his dues. It appeared that there was a by-law of the society providing that:

"The financial secretary shall give to each member who is six months in arrears a written notice, calling his attention to the fact that he shall be stricken from the rolls in case he does not pay his dues in thirty days."

It appeared, however, that the notice above provided for had not been given. The court held that the expulsion was void and of no effect, on the ground, not only that such a power, as a matter of law, cannot be exercised without notice to the person charged or without giving him an opportunity to be heard, but that by the very terms of the by-law itself the right to expel did not exist until a notice in the form which it required had been given. As we have seen, in the case before us no relation whatsoever can be established between the giving of a written notice of arrearage and the conditions which are prescribed to entitle the representatives of the deceased to receive any one of the benefits provided for upon the decease of a member. The latter are in no way dependent upon the former.

The court below was right in dismissing the complaint, and the judgment should therefore be affirmed. Judgment affirmed, with costs. All concur.