FOWLER, S. The Farmers' Loan & Trust Company, as successor trustee, has filed its account and asks for a construction of the following paragraph of testator's will:

"All the rest, residue and remainder of my estate I give, devise and bequeath to my executors as trustees to divide in twenty-four equal parts and to receive the rents, income and profits of six of said equal parts and to pay over the same to my sister Nellie, wife of Joel Goldthwaite, for and during the period of her natural life. At her death I direct that such six twenty-fourths be divided into equal shares or parts, one part to be and become the property of the children of my brother Albert T. Rand, the other share or part to be and to become the property of my brother Jasper R. Rand."

The disputed question of construction relates to the share given to Jasper R. Rand. Nellie Goldthwaite, the life tenant, died in October, 1907. Jasper R. Rand died in July, 1900. Some of the heirs at law and next of kin of the testator contend that one-half of the remainder after the life estate of Nellie Goldthwaite, which is given by the testator to Jasper R. Rand, was contingent, and that as Jasper R. Rand died prior to the termination of the life estate, and there is no provision in the will for the disposition of the remainder in that contingency, it passed to the testator's next of kin under the intestate laws.

It does not seem to me that this contention is supported either by the language of the will, or the authorities construing wills which contained practically similar clauses. The law favors the vesting of estates; it does not favor a construction that will result in intestacy. Those who contend for a construction that would make the remainder to Jasper contingent rely upon the words of the will which provide for a division of the estate after the termination of the life estate. But it has been held that such a direction will not in itself prevent the vesting of the estate, and that it merely shows an intent to defer the enjoyment of the estate until the happening of the event upon which the life estate is limited. Ackerman v. Gorton, 67 N. Y. 63; Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890; Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20.

I therefore hold that Jasper R. Rand took a vested remainder in three twenty-fourths of testator's residuary estate. Costs taxed. Complete decree by inserting appropriate amounts.

---

## In re BELL'S ESTATE.

(Surrogate's Court, New York County. March 29, 1916.)

1. TAXATION ⬥895(5)—TRANSFER TAXES—APPRAISEMENT.
   Upon a hearing before a transfer tax appraiser to ascertain the value of a decedent's estate, an affidavit submitted by the state comptroller, showing the value of mortgaged premises, while an element to be taken into consideration, is not sufficient in itself to prove the value of the mortgage.
   [Ed. Note.—For other cases, see Taxation, Dec. Dig. ⬥895(5).]

2. TAXATION ⬥895(3)—TRANSFER TAXES—EVIDENCE.
   Upon a hearing before a transfer tax appraiser to ascertain the value of a decedent's estate, a witness should be allowed to answer any question,

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

even if objected to, tending to elicit information that may assist the appraiser in determining the value of the property, as the materiality of the answer may be considered by the surrogate upon an appeal.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1717; Dec. Dig. ☞895(3).]

3. TAXATION ☞900(4)—TRANSFER TAXES—REVIEW OF ASSESSMENT.

Where a transfer tax appraiser refuses to allow material questions propounded by the executor, the report will be remanded for the purpose of taking further testimony.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ☞900(4).]

4. TAXATION ☞895(7)—TRANSFER TAX—VALUATION OF ESTATE—"EXPENSES OF ADMINISTRATION."

Under Code Civ. Proc. § 2753, providing that upon an accounting of an administrator the surrogate shall allow him reasonable compensation for legal services, in addition to an allowance for his services in his official capacity, the fact that one of the executors has represented the estate in his professional capacity as an attorney does not warrant the transfer tax appraiser in refusing to allow compensation for services in his official capacity as expenses of administration.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. ☞895(7).

For other definitions, see Words and Phrases, First and Second Series. Expenses.]

5. EXECUTORS AND ADMINISTRATORS ☞482—EXPENSES OF ADMINISTRATION—POWER OF SURROGATE.

The power of a surrogate to grant an allowance for expenses of administration is governed by the law in force when the application for an allowance is made.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2066; Dec. Dig. ☞482.]

6. TAXATION ☞895(7)—TRANSFER TAX—EXPENSES OF ADMINISTRATION.

The expense of foreclosing a mortgage is an expense of administration, and should be deducted from the assets of the estate in determining the transfer tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. ☞895(7).]

In the matter of the estate of Julia A. Bell. From an order entered upon the report of a transfer tax appraiser, the executors appeal. Order reversed, and report remanded for correction and further testimony.

J. C. O'Conor, of New York City, for executors.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for state comptroller.

FOWLER, S. The executors contend that the appraiser erred in placing a valuation of $16,500 on a certain bond and mortgage owned by the decedent at the time of her death. The testimony taken before the appraiser shows that the executors foreclosed the mortgage, sold the mortgaged premises at public auction and bid it in for the benefit of the estate at the sum of $5,000. The appraiser's report, however, contains no competent evidence of the value of the mortgage at the date of decedent's death.

[1] The state comptroller submitted an affidavit showing the value of the mortgaged premises; but, while this is an element to be taken into consideration in ascertaining the value of the mortgage, it is not in itself sufficient proof of the value of the mortgage. That value may be affected by the financial responsibility of the mortgagor, the length of time the mortgage has to run, the character of the mortgaged premises, and their location. While many of the questions propounded by the executors were incompetent, some of those which the appraiser disallowed were clearly competent and should have been allowed.

[2] Upon a hearing held before a transfer tax appraiser for the purpose of ascertaining the value of a decedent's estate, he should allow any question which tends to elicit information that may assist him in determining the value of the property. A witness should be allowed to answer, even if the question is objected to, as the materiality of the answer may be considered by the surrogate upon an appeal taken from the order entered upon the appraiser's report.

[3] As the appraiser in this matter refused to allow material questions propounded by the executors, the report will be remitted to him for the purpose of taking further testimony as to the value of the bond and mortgage.

[4] The appraiser erred in refusing to allow a reasonable sum as expenses of administration. The fact that one of the executors, who is an attorney and counselor at law, has represented the estate in his professional capacity does not warrant the appraiser in refusing to allow expenses of administration, as the surrogate may upon an accounting allow such an executor a reasonable sum as compensation for professional services rendered by him. See section 2753, C. C. P.

[5] The power of the surrogate to grant such an allowance is governed by the law in force when the application for an allowance is made. Taking into consideration the services rendered by the attorney in this proceeding, and the value of the estate, I am inclined to think that $350 would be a reasonable deduction for such services.

[6] The expense of foreclosing the mortgage is also an expense of administration and should be deducted from the assets of the estate.

The order fixing tax will be reversed and the appraiser's report remitted to him for correction and for further testimony as indicated.