IN RE ESTATE OF JOHN B. LEIGH.

ELIZABETH DENNIS, Executrix, Appellee, v. C. E. LEIGH, Administrator, Appellant.

**EXECUTORS AND ADMINISTRATORS:** Compensation—Attorney as
1 Executor. On the issue as to the value of alleged "extraordinary" services performed by an executor, it may be material to show that the executor was an attorney.

**EXECUTORS AND ADMINISTRATORS:** Compensation — Statute
2 Governing. Compensation for extraordinary services may be allowed under the statute existing when the allowance is *made*, and not under the statute existing when the services were *rendered*.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

DECEMBER 11, 1923.

APPLICATIONS for allowance of executor's compensation in estates of John B. Leigh and Elizabeth A. Leigh, deceased. These two cases were tried and submitted on the same evidence, and are here submitted together. The court allowed compensation in the total amount of $9,693.96. Defendant in each case appeals from the order of allowance.—*Affirmed.*

*Ring & Hann,* for appellant.

*G. P. Linville,* for appellee.

ARTHUR, J.—I. John B. Leigh and Elizabeth A. Leigh were husband and wife. They had no children. They made what are termed mutual wills. John B. Leigh died in February, 1914. Elizabeth A. Leigh died in July, 1914. Their wills were probated. William Dennis was nominated in both wills as executor, and was appointed by the court, and qualified. Under the will of John B. Leigh, Elizabeth Leigh was to have all of his personal property and a life estate in all his real estate. Elizabeth A. Leigh, however, failed to elect to take under the will of her husband, and was, therefore, entitled to a distributive share as his surviving spouse. By the terms of the will of Elizabeth A. Leigh, John B. Leigh, her husband, was to have all her personal property and a life estate in the real estate. Both wills provided that the estates should be divided into twelve equal parts, after paying debts and certain specific legacies. Eleven of these twelve parts were to go to brothers and sisters of the testators or to children of their brothers and sisters, and the remaining one twelfth was to go to persons named in each of their wills. Claims were filed against the estates in aggregate amount exceeding the value of the personal property, and it was necessary to sell a portion of the real estate for the payment of debts. The real estate consisted of a farm of about 600 acres, and some town lots. It was apparent that the real estate could not be equitably divided in kind among the beneficiaries. A petition was filed in the Linn district court, in probate, by the executor, asking that he be authorized to sell all of the real estate of John B. Leigh, deceased, for the purpose of paying

debts and legacies, and to distribute the proceeds according to the provisions of the wills. On hearing, of which notice was given to all parties interested, as directed by the court, the prayer of said petition was granted. All of the real estate was sold by the executor, in pursuance of the order authorizing him to sell same. The sales were made and consummated over a period of about five years.

There were several lawsuits brought against these estates by legatees, which were defended by the executor,—suits instituted by Cornell College, by the Presbyterian Church at Mt. Vernon, Iowa, by Foster W. Leigh, and by Guy W. Ballard. At least two of these suits involved important questions, and came to the Supreme Court of Iowa on appeal. Dennis, executor, managed all the property of these estates and looked after litigation in which the estates were involved, for a period of almost six years. Mr. Dennis was an attorney, and used his knowledge and experience as an attorney in the administration and management of these estates. During the time he was executor of these estates, he was clerk of the Linn district court about ten months, and a member of the Iowa board of parole one year. With the exception of the time he was clerk of the district court and a member of the board of parole, he devoted the greater portion of his time to managing the affairs of these estates, and during the time he held said offices he spent a considerable portion of his time attending to the affairs of these estates. The various kinds and descriptions of work claimed to have been done by the executor in handling these estates are enumerated in the application for allowance, consisting of 37 paragraphs, setting forth manner of service. It is impracticable to set forth the claim in detail,—it is too long. Briefly stated, it is for his services in attending to the business of Elizabeth A. Leigh and looking after her personal wants during her last illness, of about 6 months, during which time he was her guardian; making inventory of the estates; locating the beneficiaries, 52 in all, scattered over 15 states; adjusting claims of Ballard and Leigh against the estate, aggregating about $12,000; looking after special assessments against the Mt. Vernon lots; advertising the property for sale; preparing contracts for sale of the land to five different purchasers; causing survey of land

into tracts; bringing two actions to quiet title to portions of the land, and procuring decrees; procuring five abstracts; having 30 acres of timber land cleared and selling the wood; procuring renters for the farms while the land was being sold; looking after repair of the buildings and fences on the land; drawing leases and collecting rents; procuring tenants; writing about a thousand letters in the estate business, and holding about 200 personal interviews on matters pertaining to the estates; making 5 separate reports of sales of real estate, and securing their approval; making reports of his doings as executor; making two applications for construction of the wills; attending to 5 contested claims against the estate, assisting as counsel and executor; attending to an interest held by the estate in mining property in Arizona, in which he made two trips to the mine, taking about 10 days each trip; collecting some claims in favor of the estate; giving time and work in connection with the income tax demands against estates and Federal assessment on the mine property.

William Dennis, claimant for compensation, died December 12, 1919, and C. E. Leigh was appointed administrator with will annexed of the estates. At about the same time, appellee, Elizabeth Dennis, was appointed administratrix of the estate of William Dennis, deceased, and was substituted as plaintiff in these actions. C. E. Leigh answered the claim of William Dennis for allowance of compensation, objecting to and denying most of the items of the claim, and alleging that the application for allowance of compensation in the sum of $10,000 is excessive and exorbitant.

In May, 1920, the claim for allowance was tried to the court without a jury. The parties stipulated that the evidence should apply to the claims for compensation against both estates. Appellee introduced evidence in support of the claim, to show the services rendered by William Dennis, as executor of the two estates; the size of the estates; the litigation involved; the work of executor in management of the estates; the period of time over which the affairs were managed, and generally, the duties performed by the executor and the difficulties encountered because of numerous beneficiaries, living in fifteen different states; the changing and shifting of legatees because of

deaths and new discoveries of heirs of legatees; and manifold difficulties in connection with the administration of the affairs of these estates. Appellee also introduced testimony of E. A. Johnson, James H. Trewin, John M. Redmond, F. L. Anderson, and W. L. Crissman, attorneys, as to reasonable compensation of William Dennis, executor, for actual necessary and extraordinary services rendered by said executor.

Appellant introduced evidence to show that C. E. Leigh, who succeeded William Dennis as administrator of the estates, while Dennis was acting as executor, assisted Dennis, and in fact performed most of the work in handling and selling the real estate. Counsel for appellant in argument concedes that Dennis is entitled to compensation in some amount beyond the statutory fees, for actual, necessary, and extraordinary services. Appellant offered no evidence as to reasonable value of the services rendered by Dennis. The total amount received by Dennis, executor, in reducing the property of the estate to cash, was $128,693.12.. The court allowed, for ordinary services of the executor, the statutory fees provided by Chapter 391 of the Laws of the Thirty-eighth General Assembly, $2,693.86; and for actual necessary and extraordinary services, the sum of $7,000,—total allowance, $9,693.86,—two thirds of which was to be charged to the John B. Leigh estate, and one third to the estate of Elizabeth A. Leigh, deceased.

II. In errors assigned by appellant, rulings of the court are complained of in overruling objections made to questions propounded to witnesses for appellee, who testified as to reasonable compensation for services of Dennis, executor. In substance, the objections were that the witnesses did not qualify to testify as to the value of executors' fees; that questions asked embodied services performed by Dennis both as executor and as attorney.

1. EXECUTORS AND ADMINISTRATORS: compensation: attorney as executor.

We find no error in the rulings of the court on admission of evidence. Dennis was an attorney. True, the application for allowance is not for attorney fees, but for compensation as an executor. That he was an attorney was a fact proper to be brought out for consideration in fixing the value of his services as executor,—proper in the instant case, wherein it appears that,

although there was much litigation, only about $900 was paid to other attorneys for legal services. However, the testimony of several of the witnesses was given without reference to whether Dennis was an attorney or not.

III.   The record shows that about $92,000 of estate funds were distributed prior to the taking effect of Chapter 391, Acts of the Thirty-eighth General Assembly, on July 4, 1919. It is appellant's contention that, as to said amount, the executor's fees should have been computed under Code Section 3415. Counsel for appellant cite no authorities to support their position. We think that the court did not err in computing the statutory fee under the statute in force at the time of the allowance of compensation.

2. EXECUTORS AND ADMINIS-TRATORS: compensation: statute governing.

IV.   Appellant complains that the allowance of $7,000 for actual, necessary, and extraordinary services of the executor is excessive. This is the most important question in the case. It is a large allowance. The estates consisted of about 600 acres of land and some town lots. There was but little personal property. The farm of 600 acres was divided, and sold in five different tracts. Considerable time was required to make sales of the property. It seems to have required nearly six years to administer the estates. Litigation delayed the settlement of the estates. Two cases instituted against the estate were tried in the district court, and came to the Supreme Court on appeals. Undoubtedly there was an extraordinary amount of work and time necessarily employed in administration of these estates. The record shows that Dennis served the estates for a period of nearly six years, devoting most of his time to such services for about four years, and part of his time during about two years. The estates were quite large, and were in process of administration for a long period of time. The executor assumed large responsibilities in handling the estates. The record discloses that there was considerable troublesome litigation. Prominent attorneys testified as to the value of the services rendered by Dennis. The able and learned trial court fixed the compensation upon the testimony produced. The executor largely devoted his time to the administration of the estates during a

period of years, and the compensation allowed practically represents his earnings during that period.

After a careful examination of the record before us, we are not prepared to say that the allowance of the trial court is excessive. Results in affirmance.—*Affirmed*.

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.