[Civ. No. 8266.  Second Appellate District, Division One.—September 22, 1932.]

In the Matter of the Estate of MARY H. SPIRES, Deceased.  SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a Corporation) et al., Appellants, v. ALICE HARRISON FRAZIER, Respondent.

Newlin & Ashburn, A. W. Ashburn and Paul Sandmeyer for Appellants.

Newby & Newby and Dee Holder for Respondent.

CONREY, P. J.—The appellants are executors of the last will and testament of Mary H. Spires, deceased. As such executors they filed their "petition as executors for allowance for fees for extraordinary services" rendered by them in the course of administration of the estate. The executors being dissatisfied with the amount of the allowance made to them by the court, appealed from the order by which the amount of such allowance was determined.

Mrs. Spires died on the third day of January, 1924, and her will was admitted to probate on the twenty-third day of that month. The petition of the executors claiming a fee for extraordinary services was filed on the seventeenth day of March, 1930. Respondent Frazier, a legatee under the will, objected to the making of an allowance in the sum asked for by the executors, her objection being based upon grounds hereinafter stated. The issue having been tried and submitted the court made its order, which was filed on the fifth day of February, 1931. Section 1618 of the Code of Civil Procedure, as in force at the time of the death of Mrs. Spires, provided that an executor should be allowed certain stated commissions and in addition thereto provided as follows: "In all cases, such further allowance may be made as the court may deem just and reasonable for any extraordinary service, and the total amount of such extra allowance must not exceed one-half the amount of commissions allowed by this section." In the year 1925 said section was amended, and by such amendment the clause limiting the total amount of such extra allowance was omitted, and the limitation was thereby removed.

In its findings of fact recited in the order, the court found that the reasonable value of the extraordinary ser-

vices rendered by the executors was substantially in excess of the sum of $7,241.26; "but the court, solely for the reason that it is of the opinion that its power to make such allowances for extraordinary services is limited by the terms of section 1618 of the Code of Civil Procedure as the same existed at the time of death of decedent and probate of the will of said decedent, has concluded that it can make to the said executors no award or allowance for the said extraordinary services in excess of the sum of $7,241.26''.

There is thus presented on this appeal a single question of law, viz.: In a case where at the time of the death of the testator the amount of fees which may be allowed to executors for extraordinary services was subject to a statutory limitation; but where during the course of the administration and prior to the time when the petition for allowance for extraordinary services was filed the said statutory limitation upon the amount of allowance which might be made had been repealed; was the power of the court in said matter subject to the limitation of the statute as in force at the time of the death of decedent?

Under the original Probate Code, and under section 1618 of the Code of Civil Procedure until the year 1909, it was the law that in addition to the ordinary commissions of an executor or administrator, such further allowance might be made as the court deemed just and reasonable, for any extraordinary services; but it was provided that "the total amount of such allowance shall not exceed the amount of commissions allowed by this section". From 1909 until 1925 the proviso was that "the total amount of such extra allowance must not exceed one-half the amount of commissions allowed by this section". It was not until the year 1925 that said section 1618 was so amended that the court, in making allowances for such extraordinary services of an executor or administrator, is left untrammeled, save only by the rule that the allowance must be just and reasonable. (See, also, new Probate Code, sec. 902.)

Provision for the expenses of administration of a decedent's estate is in its nature a matter of procedure, dealing with a necessary incident of the business of administration. Such expenses, of which compensation to the executor is a part, are analogous to costs and other chargeable expenses of litigation. The basic principle of the code provisions

to which we have referred has been, at all times, that there shall be a just and reasonable allowance for extraordinary services. In the application of that principle it was for a long time the legislative policy to limit such allowance so as not to exceed a maximum amount measured by the fixed rate of commissions allowed for "ordinary" services. If heirs, devisees and legateees have a vested right in the benefit of this limitation, effective as of the date of death of a decedent, then the order against which the pending appeal is directed must be affirmed.

But we think that there is no such vested right in the benefit of the limitation. "The right of inheritance and testamentary disposition is entirely the creation of the statute and the heirs, devisees and legateees take the property subject to such burdens as the legislature has seen fit to impose upon it. . . . While it is true that the descent is cast and the property of the decedent vested in the devisees and legatees, or in the heirs, at the moment of the death of the deceased, it is also true that they take the property, subject to the payment of the expenses of administration. . . . " (*Estate of Bump,* 152 Cal. 274 [92 Pac. 643, 644].) ▉ On the other hand, the right of the executor to a defined rate or standard of compensation is not vested as of the date of the decedent's death, nor even as of the date when he qualified as executor, but such right first accrues at the time when by appropriate order the amount of compensation payable to him is determined and allowed. And since the right of an executor to compensation for extraordinary services is not established or vested until allowed by the court in the exercise of its discretion, it follows as a direct consequence that the law in force at the time when the order is made constitutes the only law by which the power of the court is to be governed.

The order is reversed and the cause remanded, with direction that compensation be awarded to appellants, in such amount as the trial court shall find to be just and reasonable.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 21, 1932, and an

application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1932.