Neither party is satisfied with the order entered in this matter by the circuit court and both have appealed. We find ourselves unable to agree entirely with the opinion of the learned circuit judge, for the reasons hereinafter given. Only one question is involved here, viz:
Shall the executor's commissions be computed (1) in accordance with the statute fixing compensation in force at the time of the death of the testator and the appointment of the executor (3 Comp. Laws 1929, § 15928), (2) under the statute in force at the time of approval of the executor's final account (Act No. 209, Pub. Acts 1931), or (3) by prorating through payment at the rates in effect when the various services were rendered.
This question is a new one in this State. It has been held in Alabama and Missouri that the commission is determined by the law in effect at the time the particular services are rendered.Gould v. Hayes, 19 Ala. 438; Key v. Jones, 52 Ala. 238; In reEstate D. G. Tutt Co., 41 Mo. App. 662. Thus, compensation for a part of the services may be paid under one statute and the balance under a later act. *Page 364 
New York, California, Maryland and Iowa courts have held that the statute in effect at the time of final settlement of the account governs. In re Naylor's Estate, 164 N.Y. Supp. 462; Inre Daly's Estate, 99 Misc. Rep. 203 (165 N.Y. Supp. 792); In reBarker, 186 App. Div. 317 (174 N.Y. Supp. 230); In re King'sWill, 121 Misc. Rep. 530 (201 N.Y. Supp. 239); In re Spires'Estate, 126 Cal.App. 174 (14 Pac. [2d] 340); Gaines v.Reutch, 64 Md. 517 (2 A. 913); Brown's Estate v. Hoge,198 Iowa, 373 (199 N.W. 320); In re Estate of Leigh, 196 Iowa, 1102
(195 N.W. 1005).
After a discussion of both lines of authority cited, the circuit court said:
"There is nothing in the record to indicate the value of the services performed under the old or the new statute. Under such circumstances it would seem the only fair way would be to apportion the commission according to the length of time the executor functioned under each. The executor claims $61,673.77, at the rate of two per cent. under the amended statute for administration of the estate over a period of approximately 26 months. The first six months of this period was under the old statute which fixed compensation at the rate of one per cent., and it would seem therefore that six twenty-sixths should be computed at one instead of two per cent., which would make a deduction of $7,116.26, from the fees claimed, in favor of the estate."
His opinion is entitled to the most careful consideration, but it overlooks the provisions of the Constitution of this State and the uniform holdings of this court.
"In each county organized for judicial purposes, there shall be a probate court. The jurisdiction, powers and duties of such courts and of the judges *Page 365 
thereof shall be prescribed by law, and they shall also have original jurisdiction in all cases of juvenile delinquents and dependents." Constitution, 1908, article 7, § 13.
The testator in the instant case died February 13, 1931. Act No. 209, Pub. Acts 1931, became effective on September 18, 1931. The executor's account and a petition for its allowance were filed on May 16, 1933, and, after hearing objections, the final account as amended was allowed by the probate court on June 12, 1933. The executor's commissions were computed at the rate of one per cent. prescribed in 3 Comp. Laws 1929, § 15928. The law then in effect allowed a two per cent. commission to the executor and was the only authority for an award of compensation by the probate court. The former law had been amended, and, in its new form, had been in operation for one year and nine months. Therefore, the action of the probate court was without legal authority.
"The probate court derives none of its jurisdiction or power from the common law, but must find the warrant for all its doings in the statute. Its jurisdiction, powers, and duties are prescribed by law." Grady v. Hughes, 64 Mich. 540, quoted inCorby v. Durfee, 96 Mich. 11.
The circuit court, on appeal, was likewise in error in apportioning the commissions according to the length of time the executor served under the old and new statutes. He should have allowed the claim of the executor at the rate of two per cent. and we so hold.
The well-settled rule, that the statute existing at the time of the passage of the accounts is the one which governs the allowance of compensation to an *Page 366 
executor, is based upon the ground that an executor is not entitled to any compensation until the final execution of the duties imposed upon him. * * * The executor acquires no accrued right to compensation until his accounts are being settled and his acts and conduct passed upon by the court, as it is only at that time that his services can be examined and his compensation fixed. It would seem, therefore, that in applying the law in force at the time the right to compensation accrues, * * * the rule of applying the statute in force at the time of the judicial accounting does not give said statute so much a retroactive effect, as it applies a new statute to an existing condition of things. In such a case the statute applied is the statute in force when the right to compensation has accrued."In re Daly's Estate, supra.
The date of the making of the order allowing the award is determining, and the law then in effect governs the compensation to be allowed to the executor. See, also, In reBarrett's Estate, 24 Misc. Rep. 699 (209 N.Y. Supp. 678); In reBell's Estate, 94 Misc. Rep. 552 (158 N. Y. Supp. 142);Robertson v. DeBrulatour, 188 N.Y. 301 (80 N.E. 938); and, Inre Barker, supra, which was affirmed in 230 N.Y. 364
(130 N.E. 579), the court stating:
"This is quite akin to the rule that remedies will be applied in accordance with the law which prevails at the time such relief is sought rather than at the time when the injury arose."
In Maryland, the same principle was enunciated inGaines v. Reutch, supra. The court declared:
"The right to commissions for administering upon an estate does not in any sense arise from contract, but is founded only in statutory enactment. At common law the office of executor was regarded *Page 367 
as honorary, to be performed without remuneration. Commissions, like costs or salaries of public officials, are liable, in the wisdom of the legislature, to be varied in amount, and executors and administrators have, therefore, no vested right to maintain the standard of compensation throughout the entire period of acting as such, established at the time of taking out letters. They are entitled, however, when their commissions are fixed according to the law, as it then stands."
"The right of the executor to a defined rate or standard of compensation is not vested as of the date of the decedent's death, nor even as of the date when he qualified as executor, but such right first accrues at the time when by appropriate order the amount of compensation payable to him is determined and allowed. And since the right of an executor to compensation for extraordinary services is not established or vested until allowed by the court in the exercise of its discretion, it follows as a direct consequence that the law in force at the time when the order is made constitutes the only law by which the power of the court is to be governed." In re Spires'Estate, supra.
The cause is remanded with directions to modify the order of the circuit court to conform to this opinion. Since the appeal was taken by both parties, no costs are taxed.
POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred with BUSHNELL, J.