Guy Gilbert Rebaudo, J.
This is a motion made by the defendant seeking an order of this court directing that the plaintiff, the child of the plaintiff, Jean Zonsky, and the defendant submit to blood grouping tests and that the specimens for that purpose be collected and that the tests be made by one or more qualified physicians to be designated by this court under restrictions and directions made by the court. Defendant is seeking relief pursuant to section 306-a of the Civil Practice Act.
An examination of the file in this - case discloses that this is an action commenced by the plaintiff, the former wife of the defendant, to recover moneys advanced by her for necessary medical expenses and for board and maintenance of the infant Jean Zonsky. The theory of the action is on express and/or *662 implied contract. For the sake of clarity it is necessary to set forth certain facts which appear in the papers and file before this court. The plaintiff, Nancy C. Zonsky was married to the defendant Eugene J. Zonsky on September 20, 1953 after a whirlwind courtship of five months’ duration. On March 25, 1954 the infant Jean Zonsky was born. Their marital bliss endured until December of 1954 at which time husband Eugene left. Subsequently on April 29, 1955 in the State of Alabama he was awarded a divorce decree against Nancy, in which action she appeared, upon the grounds of cruelty. The divorce decree (a photostatic copy) is made a part of plaintiff’s opposing affidavit. This decree not only fails to mention the infant Jean Zonsky but does not make any provision for her custody or support.
Section 306-a of the Civil Practice Act reads as follows: “ 306-a. Blood grouping tests. Wherever it shall be relevant to the prosecution or defense of an action, or wherever it shall be relevant in any proceeding pending in a court of competent jurisdiction, the court by order, shall direct any party to the action or proceeding, and the child of any such party and the person involved in the controversy to submit to one or more blood grouping tests, the specimens for the purpose to be collected and the tests to be made by duly qualified physicians and under such restrictions and directions, as to the court or judge shall seem proper. Whenever such test is ordered and made, the results thereof shall be receivable in evidence only where definite exclusion is established. The order for such blood grouping tests may also direct that the testimony of such experts and of the persons so examined may be taken by deposition pursuant to this artcle.” (Added by L. 1935, ch. 196, eff. March 22, amd. by L. 1936, ch. 440, eff. May 4, L. 1939, ch. 647, eff. June 1, L. 1942, ch. 893, eff. May 18.)
An application for a blood grouping test must of necessity result in a finding that a child is or is not the child of an alleged father and the determination of legitimacy would follow. This court has failed to discover any provision in the Municipal Court Code under which a Justice of the Municipal Court of the City of New York may make such a determination. Moreover, it should be noted that the defendant instituted an action for divorce in Alabama, obtained the divorce and the divorce decree is barren as to the existence of any issue of the marriage. The defendant had an opportunity in the Alabama courts to assert the illegitimacy of the child if he was so inclined, but he did not. Having failed to do so he is estopped from now ques *663 tioning the legitimacy of said child. (Civ. Prac. Act, § 1157; Pules Civ. Prac., rule 279; Dornfeld v. Dornfeld, 200 App. Div. 38; Berntsen v. Berntsen, 87 N. Y. S. 2d 855.)
Section 1157 of the Civil Practice Act states that the legitimacy of a child begotten or born before the commission of the offense charged is not affected by a judgment dissolving the marriage, but the legitimacy of any other child of the wife may be determined as one of the issues in the action. The papers herein indicate that the ground for divorce asserted by the Alabama court was cruelty. In the absence of proof of the Alabama law pertaining to the legitimacy of a child not contested in a divorce suit it must be presumed that the law of Alabama is the same as the law of New York. There is no doubt that the defendant knew of the birth of the child and as a matter of fact he lived with the plaintiff and the child for some time after its birth. For him to now try to prove the illegitimacy of the child, he must show that this court has jurisdiction. Under the foregoing facts he has failed so to prove.
In any event a blood grouping test pursuant to section 306-a of the Civil Practice Act may be allowed only in an action or proceeding pending in a court of competent jurisdiction. The court adopts the argument as set forth in plaintiff’s memorandum of law in opposition to this motion.
Therefore, in view of the obvious lack of merit in defendant’s affirmative" defense and since the Municipal. Court of the City of New York is not a court of competent jurisdiction within the purview of section 306-a of the Civil Practice Act, the defendant’s motion seeking a blood grouping test and other relief is denied.