## BAUM v. BAUM

1. JUDGMENT—FRAUD—SETTING ASIDE JUDGMENT.

   A court has the power to set aside its judgment for fraud upon the court.

2. JUDGMENT—FRAUD—SETTING ASIDE JUDGMENT.

   Concealment and misrepresentation of fact must be material to the determination reflected by a judgment to justify setting aside the judgment, and if the determination of the court would not have been different had the facts in question been truthfully represented, the judgment should not be set aside.

3. DIVORCE—LEGITIMACY—PRESUMPTION—TESTIMONY—HUSBAND AND WIFE.

   The presumption that a child conceived during a marriage is the legitimate offspring of that marriage is subject to rebuttal, and although both husband and wife are ordinarily incompetent to testify that the child is not of that union, either may do so if the testimony will not lead to illegitimacy.

4. DIVORCE—PATERNITY—SUPPORT ORDER—RES JUDICATA.

   An uncontested support order in a divorce action constitutes an adjudication of paternity in regard to the husband's duty of support sufficient to operate as *res judicata*.

5. DIVORCE—RES JUDICATA—DISESTABLISHING PATERNITY.

   *Res judicata* bars a husband in later proceedings in a divorce action from disestablishing his paternity where the husband

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 46 Am Jur 2d, Judgments § 709 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation § 877.
[4, 5] 24 Am Jur 2d, Divorce and Separation § 497 *et seq.*

originallly, through his pleadings and conduct, acquiesced and admitted fatherhood, admits being designated the father on the birth certificate, and nowhere unequivocally states or demonstrates that he is not the father of the child in fact.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 April 9, 1969, at Detroit. (Docket No. 6,375.) Decided October 30, 1969.

Complaint by Mabel Baum against Robert M. Baum for divorce. Divorce, alimony, and support granted in August, 1964. Judgment vacated *sua sponte* in February, 1968. Plaintiff's motion to reconsider vacation order denied. Plaintiff appeals. Reversed and remanded.

*Hand, Kiefer, Allen & Ryan,* for plaintiff.

*John W. Berry, Jr.,* for defendant.

Before: LESINSKI, C. J., and FITZGERALD and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Plaintiff appeals from the circuit court's denial of a motion to reconsider its *sua sponte* order vacating a judgment of divorce. The judgment of divorce against defendant was entered August 3, 1964; the circuit court's order vacating the judgment of divorce was entered February 6, 1968.

Plaintiff Mabel Baum filed suit for divorce on August 8, 1962, in the Macomb county circuit court alleging, among other things, that the parties had been married on April 15, 1957 and that a child was born to the marriage on March 7, 1958.

The defendant, Robert Baum, subsequently appeared and consented to the judgment of divorce, and a judgment was entered encompassing, among

other things, visitation rights, alimony and support provisions. The judgment granted custody of the child to the plaintiff and visitation rights to the defendant. Subsequent to the entry of this judgment of divorce there were orders entered modifying the judgment concerning alimony and support adjusting it according to the defendant's change in employment status. At no time did defendant, in his pleadings, raise the question of, or deny, the paternity of the child.

On December 13, 1967, plaintiff filed a motion to amend the judgment of divorce so as to place the defendant on probation and have his salary assigned to the Macomb county friend of the court thereby protecting and assuring the plaintiff of the support payments for the child. The defendant filed an answer to this motion wherein he sought affirmative relief from the obligations of alimony and child support arising from the judgment of divorce. In his answer to the motion he asserted, among other things, that the child was not a child of the marriage and that the parties, in fact, were not married until the summer of 1959 sometime later than the date that had been originally pleaded in the plaintiff's complaint for divorce.

The circuit court ordered a hearing on this issue wherein the defendant gave testimony regarding the date of the birth of the child and the date of the marriage of the parties; plaintiff did not testify at this hearing.

The events occurred as follows:

Early in 1957, while still married to a certain Gene Ruzza, but separated from him, the plaintiff began a relationship with Robert Baum. They began going together on a regular basis until November of that year, when Gene Ruzza's divorce from the plaintiff became final. At that time, they began holding

themselves out as man and wife. Four months later, on March 7, 1958, the plaintiff gave birth to a child, Keith Baum, whom both parties believed to be illegitimate. To protect the child, the plaintiff and defendant underwent a secret marriage ceremony* on June 25, 1959, and obtained a marriage certificate dated April 15, 1957.

On February 6, 1968, a short time after the hearing, an order was entered by the circuit court vacating the original judgment of divorce and all other orders relating to that judgment. No ruling was made on the motions that brought this matter before the trial court. On May 6, 1968, plaintiff filed a motion to reconsider the order vacating the judgment of divorce. In an order dated June 14, 1968, the motion was denied, from which plaintiff appeals.

The record shows that the defendant, subsequent to the entry of the original judgment of divorce, remarried, and the status of that marriage will also be governed by this opinion.

The circuit judge in his order and opinion vacating the judgment of divorce sets forth as his reason for this action that a fraud had been perpetrated on the court when the plaintiff falsified the date of marriage in the original complaint for divorce. The court felt that the falsification was for the purpose of legitimatizing the child and felt that this "was laudable under the unfortunate circumstances of the case." Nevertheless, the court felt the judgment should be vacated because of the fraud.

For the purposes of this opinion, we will consider the plaintiff's statement of her marriage date as a falsification. However, we are not convinced that such is the case. Plaintiff was married under the secret marriage statute. The intent of that statute is to protect a child born out of the indiscretions of

---

* MCLA § 551.201 (Stat Ann 1965 Cum Supp § 25.51).

its parents. Since the statute permits a predated marriage certificate and provides only a limited right of disclosure of the actual marriage date, we point out that plaintiff may have been acting within the statute by pleading the secret marriage date. We make no ruling on this specific point as it is unnecessary for purposes of this decision. Further, the facts in this case are not such as would lend themselves to a definitive ruling on this point.

Plaintiff argues that the incorrect recital of the marriage date in the complaint for divorce did not constitute a fraud upon the court sufficient to justify the action of the court in *sua sponte* vacating the judgment of divorce some 3-1/2 years later.

The main question in this case is whether the divorce judgment and related orders should have been vacated for fraud on the court. The power to set aside a judgment of divorce for fraud upon the court is unquestioned. *Lantinga* v. *Lantinga* (1947), 318 Mich 78; *Allen* v. *Allen* (1954), 341 Mich 543; *Linn* v. *Linn* (1955), 341 Mich 668; *DeHaan* v. *DeHaan* (1957); 348 Mich 199. Not every concealment or misrepresentation of fact that might be called fraudulent will justify this measure, however. The concealment or misrepresentation must be material to the determination reflected by the judgment. *Young* v. *David Young* (1955), 342 Mich 505. Thus, if the determination of the court would not have been different had the facts in question been truthfully represented, the judgment should not be set aside. See *Berg* v. *Berg* (1953), 336 Mich 284, 291; 3 Nelson, Divorce and Annulment (2d ed), § 28.25, p 171.

Under this test, it is apparent that the judgment of divorce and the alimony order should not have been vacated. The fact that Keith Baum was conceived during the Ruzza marriage is wholly unrelat-

ed to the grounds for the divorce. Nor does subtraction of the seven months between April and November of 1957 sufficiently diminish the period in which Robert and Mabel Baum lived as man and wife as to warrant the conclusion that the court's award of alimony would have been substantially different. The only question of merit is whether the support order should have been vacated.

The fact that Keith Baum's conception occurred during the Ruzza marriage is relevant to the defendant's obligation of support only in that a child conceived during a marriage is presumed to be the legitimate offspring of that marriage. *People* v. *Bedell* (1955), 342 Mich 398; *Wechsler* v. *Mroczkowski* (1958), 351 Mich 483. Yet, the presumption that Gene Ruzza is the father of Keith Baum would not have prevented the court from entering its order of support. The presumption is subject to rebuttal, and although both husband and wife are ordinarily incompetent to testify that the child is not of the union, either may do so if the testimony will not lead to a finding of illegitimacy. *In re Wright's Estate* (1927), 237 Mich 375.

Testimony by the plaintiff that the defendant, not Gene Ruzza, fathered Keith Baum would not have led to such a finding. MCLA § 702.83 [Stat Ann 1969 Cum Supp § 27.3178(153)] provides that,

"[U]pon the intermarriage of the parents of a child born out of wedlock * * * such child shall be legitimate with the identical status, rights and duties of a child born in lawful wedlock, effective from its birth."

The defendant admits that he was designated on the birth certificate as being the father of the child and nowhere does he unequivocally state or demonstrate that he is not the father of the child. The plaintiff having alleged and testified that the defend-

ant fathered Keith Baum, and the defendant having offered nothing in opposition, there is no reason to believe that the court would not have ordered the support of the child. His conduct was as that would indicate to the trial court that he is in fact the father of Keith Baum as throughout the entire case he has, through his pleadings and conduct, acquiesced and admitted parenthood.

The defendant raises the question of parenthood in this cause. *Res judicata* bars him from disestablishing his paternity. The support order, although uncontested, constitutes an adjudication of paternity in regard to the defendant's duty of support. See *Peercy* v. *Peercy* (1964), 154 Colo 575 (392 P2d 609); *Garcia* v. *Garcia* (1957), 148 Cal App 2d 147 (306 P2d 80).

"[T]he wife filed a petition for a judicial separation alleging desertion and also that the child was a child of the marriage and praying for its custody. By his answer to this petition the husband denied the desertion but did not suggest any dispute as to the paternity of the child. * * * [A] decree nisi was pronounced for the dissolution of the marriage of the parties, and in the ordinary form the decree gave the wife (the petitioner) the custody of the child. * * * [T]he respondent to this petition is precluded from averring that he is not the father." *Lindsay* v. *Lindsay* (Eng) [1934] P 162, 163, 170 (103 LJP 100). (Discussed at 65 ALR2d 1394.)

It was also held in *Zonsky* v. *Zonsky* (1957), 6 Misc 2d 661 (162 NYS2d 227), that where the husband sued for a divorce in Alabama, the wife appeared, and the husband obtained a decree which did not mention a child, he could not thereafter assert in New York that the child was illegitimate as a defense to the wife's actions for support which she had furnished to the child.

It becomes apparent to this Court that he now seeks to avoid support responsibility by this new stand; and it also appears through his claim of fraud, which he was part of, that he seeks to invalidate not only his parental obligations, but also the second marriage, which would be void if the trial court here is affirmed. He had an opportunity to litigate the issue and was clearly aware of the infirmity in the complaint; and, therefore, should not now be allowed to complain.

Some consideration should be given to why the marriage dates and conditions under which the child was born were misrepresented in the original pleadings. It is clear to this Court that the mother desired to protect the reputation of her child, who was formerly thought to have been illegitimate. She, with the assistance of the defendant, made a considerable effort to legitimatize this child. Her actions in misrepresenting days and dates in the pleadings were obviously designed to protect the child from any disgrace that might have arisen had the facts been truthfully related in that original complaint. In a sense her actions were consistent with the theory behind the statute under which the parties were married, which is to preserve and protect the reputation of what would otherwise be considered an illegitimate child. We cannot condone any fraud whatsoever in pleadings. However, each incident must be determined on its own merits.

Plaintiff contends the trial court had no authority to set aside the entire judgment, nor did it have authority to do so upon its own motion, *sua sponte,* on the grounds of fraud, more than one year after the judgment had become final. The applicable sections in GCR 1963, 528.3 read as follows:

"528.3 Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.  On

motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:  *  *  *  (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;  *  *  *  . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than 1 year after the judgment order or proceeding was entered or taken.  *  *  *  <u>This rule does not limit the power of the court to entertain an independent action to relieve a party from a judgment, order, or proceeding,</u>  *  *  *  <u>, or to set aside a judgment for fraud upon the court.</u>" (Emphasis provided.)

The underlined portions of this rule make it clear that the trial court has the power to set aside a judgment on the grounds of fraud. Literally read, the one year limitation does not apply.

After a review of the record, it appears clear that the trial court would have entered a judgment regardless of the dates; and, there being no question as to paternity raised by the defendant, the trial court would have also entered conditions of alimony and support. This Court finds that the misrepresentation as to dates in the original complaint would not have materially affected the outcome of the divorce proceedings; and, further, finds that the defendant can no longer, because of his acquiescence and his admission of parenthood, negate his paternal obligations.

Reversed and remanded for reinstatement of the divorce judgment and related orders amending or modifying said judgment; the circuit court to continue its jurisdiction over the fixing of support payments. Costs to appellant.

All concurred.