STEWART v STEWART

Docket No. 78-4637. Submitted May 3, 1979, at Grand Rapids.—Decided August 6, 1979.

Michael Stewart brought a complaint for divorce against Lynn Stewart on March 24, 1975. The complaint stated that Kimberly Ann Stewart, born July 23, 1973, was the one child born of the marriage. In his motion for temporary support, custody and interim property settlement, his consent to the entry of an order granting this motion and a modification thereof and in his consent to a judgment of divorce, he named Kimberly Ann Stewart as a child of the parties. On June 30, 1978, plaintiff petitioned the court for an order determining the paternity and/or terminating support of the child on the grounds that he believed the child was not born of the marriage for the reason of his nonaccess to defendant during the time of conception and admissions as to his nonpaternity by defendant to plaintiff and to third parties. Muskegon Circuit Court, Frederick A. Grimm, J., dismissed plaintiff's petition because plaintiff had referred to the child as a child of the parties in all of his pleadings in the divorce proceeding and because case precedent on the abrogation of Lord Mansfield's rule should not be applied retroactively. Plaintiff appeals. *Held:*

Reliance on Lord Mansfield's rule, under which parties to a marriage may not testify concerning nonaccess when the issue is the paternity of a child born during the marriage, has been the rule in Michigan for nearly 100 years and the possible devastating effect of retroactivity on the administration of justice discourage the Court of Appeals from applying the

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur 2d, Bastards §§ 33-36.
Rule as regards competency of husband or wife to testify as to nonaccess. 49 ALR3d 212.
Who may dispute presumption of legitimacy of child conceived or born during wedlock. 80 ALR3d 1032.

[2] 20 Am Jur 2d, Courts § 85.

[3] 10 Am Jur 2d, Bastards §§ 7, 29.
Determination of paternity, legitimacy, or illegitimacy in action for divorce, separation, or annulment. 65 ALR2d 1381.

abrogation of the rule *(Serafin v Serafin,* 401 Mich 629 [1977])
retroactively. Furthermore, plaintiff's own actions and conduct
in acknowledging the child as his own throughout the entire
divorce proceedings bar him from proceedings to disestablish
his paternity because of res judicata and the doctrine of estoppel.

Affirmed.

1. BASTARDS — EVIDENCE — LORD MANSFIELD'S RULE — PRESUMPTIONS — LEGITIMACY.

The Lord Mansfield rule, under which parties to a marriage may
not testify concerning nonaccess when the issue is the paternity
of a child born during their marriage, has been abolished in
Michigan; however, the Supreme Court has held that a child is
guarded by the still viable and strong, though rebuttable,
presumption of legitimacy.

2. COURTS — RULES OF LAW — PROSPECTIVE APPLICATION — RETROACTIVE APPLICATION.

The key factors which determine whether a new rule of law
should be applied retroactively or prospectively are: (1) the
purpose of the new rule, (2) the general reliance on the old
rule, and (3) the effect on the administration of justice.

3. BASTARDS — MARRIAGE — PATERNITY — RES JUDICATA — ESTOPPEL.

Res judicata and estoppel may bar a party from proceedings to
disestablish his paternity where the issue is the paternity of a
child born during a marriage and the party acknowledged the
child as his own throughout the entire divorce litigation which
preceded a subsequent proceeding to disestablish paternity.

*Landman, Hathaway, Latimer, Clink & Robb* (by
*Alvin D. Treado),* for plaintiff.

*Mark C. Meyer,* Legal Aid of Western Michigan,
for defendant.

Before: MacKenzie, P.J., and D. E. Holbrook,
Jr. and Cynar, JJ.

D. E. Holbrook, Jr., J. Plaintiff appeals by right
the trial court's October 23, 1978, dismissal of
plaintiff's petition for termination of paternity
and/or child support.

The parties were married in Michigan on February 19, 1972. Plaintiff filed for divorce on March 24, 1975, and in the complaint for divorce plaintiff stated that Kimberly Ann Stewart, born July 23, 1973, was the one child born of the marriage. In his motion for temporary support, custody and interim property settlement, filed on March 24, 1975, plaintiff alleged that Kimberly Ann Stewart was a child of the parties. Plaintiff consented to the entry of a March 24, 1975, order for temporary support, custody and interim property settlement, and a modification thereof, dated July 17, 1975, which stated that Kimberly Ann Stewart was the minor child of the parties. Plaintiff also petitioned for and consented to a September 29, 1975, judgment of divorce which named Kimberly Ann Stewart as a child of the parties.

On June 30, 1978, plaintiff petitioned the court for an order determining paternity and/or terminating support, and in support thereof stated that plaintiff believed that the child was not born of the marriage for the reason of his nonaccess to defendant during the time of conception, admissions as to his nonpaternity by defendant to plaintiff, and admissions by defendant to third parties as to plaintiff's nonpaternity. Plaintiff requested a hearing be set to determine plaintiff's nonpaternity of the child. The trial court dismissed plaintiff's petition because of plaintiff's reference to the child as the child of the parties in the motion for temporary support, the order for temporary support, and the ultimate judgment of divorce, and because plaintiff sought to make *Serafin v Serafin,* 401 Mich 629; 258 NW2d 461 (1977), retroactive.

Lord Mansfield's Rule was judicially incorporated into Michigan law in *Egbert v Greenwalt,* 44 Mich 245; 6 NW 654 (1880). The rule was first

uttered by Lord Mansfield in *Goodright v Moss,* 2 Cowp 591-594; 98 Eng Rep 1257-1258 (1777), which was a rule of evidence that parties to a marriage could not testify concerning nonaccess when the issue is paternity of a child born during their marriage. This rule was abolished in Michigan in *Serafin v Serafin,* although the Supreme Court held that a child is guarded by the still viable and strong, though rebuttable, presumption of legitimacy.

There are a number of reasons for this Court to affirm the trial court's dismissal of plaintiff's petition. First, we decline to make *Serafin* retroactive. Key factors which determine whether a new rule of law should be applied retroactively or prospectively are: (1) the purpose of the new rule, (2) the general reliance on the old rule, and (3) the effect on the administration of justice. The reliance on Lord Mansfield's Rule in Michigan for nearly 100 years and the possible devastating effect of retroactivity on the administration of justice discourage this Court from applying the abolishment of the rule retroactively.

Second, res judicata bars plaintiff from disestablishing his paternity. *Baum v Baum,* 20 Mich App 68; 173 NW2d 744 (1969). Moreover by plaintiff's own actions and conduct, in acknowledigng the child as his own throughout the entire divorce litigation, we hold his present claim to be barred by the doctrine of estoppel.

Accordingly, the trial court is affirmed.

Affirmed. Costs to appellee.