## THOMPSON v THOMPSON

Docket No. 45011. Submitted June 2, 1981, at Detroit.—Decided January 5, 1982.

Plaintiff, Excell Thompson, was divorced in 1971 from defendant, Avetta Thompson, and was ordered to pay child support for three children, including Tyrone Thompson. Following the decision in *Serafin v Serafin,* 401 Mich 629 (1977), abrogating Lord Mansfield's Rule, plaintiff moved for relief from the order of support for Tyrone on the basis that Tyrone was not his son. The Wayne Circuit Court, Harold Hood, J., discharged plaintiff from any further support obligation as to Tyrone but refused to order the repayment of money previously paid for Tyrone. Plaintiff appealed. *Held:*

The Lord Mansfield Rule, under which parties to a marriage could not testify concerning nonaccess when the issue was the paternity of a child born during the marriage, was abolished on October 24, 1977. The new rule allowing such testimony has prospective application only.

Affirmed.

F. X. O'BRIEN, J., concurred. He noted that the old rule was one of evidence and grounded in policy and would hold that such rules should always be applied prospectively only.

### OPINION OF THE COURT

1. TRIAL — PROCEDURAL RULE CHANGES — RETROACTIVITY.
   Procedural rule changes generally have prospective application only.

2. COURTS — RULES OF LAW — PROSPECTIVE APPLICATION — RETROACTIVITY.
   The key factors which determine whether a new rule of law should be applied retroactively or prospectively are: (1) the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 20 Am Jur 2d, Courts § 85.

[3] 81 Am Jur 2d, Witnesses § 163.
   Who may dispute legitimacy of child conceived or born during wedlock. 53 ALR2d 572.

[4] 29 Am Jur 2d, Evidence § 9.

purpose of the new rule; (2) the general reliance on the old rule; and (3) the effect on the administration of justice.

3. PARENT AND CHILD — EVIDENCE — LORD MANSFIELD'S RULE — RETROACTIVITY.
    The Lord Mansfield Rule, under which parties to a marriage cannot testify concerning nonaccess when the issue is the paternity of a child born during their marriage, has been abolished in Michigan by the Supreme Court; the Supreme Court ruling allowing such testimony has prospective application only.

CONCURRENCE BY F. X. O'BRIEN, J.

4. TRIAL — EVIDENCE — RULES OF EVIDENCE — RETROACTIVITY.
    *Changes in rules of evidence based on policy should be given prospective application only.*

*Mark P. McLoughlin,* for plaintiff.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

BRONSON, P.J. The sole issue raised in this case concerns the extent to which *Serafin v Serafin,* 401 Mich 629; 258 NW2d 461 (1977), should be accorded retroactive effect. In *Serafin,* the Supreme Court abrogated Lord Mansfield's Rule in Michigan. This rule was a virtually irrebuttable presumption that a child born while the parties were married was the issue of the husband.

In the instant case, the parties were divorced November 19, 1971. Plaintiff was ordered to pay child support for three children, including Tyrone Thompson. Following the decision in *Serafin,* plaintiff moved for relief from the order of support requiring him to provide for Tyrone. Plaintiff contended that Tyrone was not his son, as he had at the time of the original divorce proceedings. Based on a hearing conducted before the Friend of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Court, the trial judge concluded that plaintiff was not Tyrone's father. Consequently, the court discharged plaintiff from any further support obligation as to the boy. The court refused, however, to give the modification of the support order any retroactive effect. Defendant contends that he is entitled to the return of all monies paid for the support of Tyrone.

The trial court refused to order reimbursement of the monies already paid by plaintiff because it could adversely affect the child's support. Plaintiff first argues that the trial court's ruling should be reversed because defendant has received ADC benefits since the time of the parties' divorce. As such, plaintiff's child support payments have gone to the Department of Social Services (DSS). Consequently, DSS, and not defendant, would be responsible for the reimbursement of plaintiff. By law, DSS could not refuse to extend defendant future benefits due to the necessity of reimbursing plaintiff. See *Evans v Dep't of Social Services,* 22 Mich App 633; 178 NW2d 173 (1970).

We reject plaintiff's first argument for full retroactivity for two reasons. First, this Court could not legally justify treating differently mothers who receive ADC benefits and those who do not for purposes of the rule announced in *Serafin.* Although a decision ordering full retroactivity in this case may have minimal consequences, there would obviously be severe results to a child whose mother was not on ADC and who was required to reimburse her ex-husband for years of child support. Second, the idea that no adverse consequences would befall the child in this case assumes that DSS is a deep pocket of infinite depth. However, as recent events show, this is not an accurate premise. Recently, across-the-board cuts were expe-

rienced by all ADC recipients. Any court ruling which requires DSS to expend monies for the purpose of reimbursement is going to result in less funds to meet current needs. It is within the realm of possibility, then, that every child in Michigan receiving ADC benefits would ultimately be adversely affected if we adopted plaintiff's position.

Plaintiff next argues that the abolition of Lord Mansfield's Rule in *Serafin* merely imposed a new evidentiary rule controlling procedure which has no bearing on remedy. He further argues that if *Serafin* is applicable to determine rights, it is equally applicable to the issue of remedy.

Whether or not a rule is one of substance or procedure is often open to dispute. However, assuming for purposes of this case that *Serafin* merely replaces one procedural rule with another, we nonetheless disagree with plaintiff's analysis. Procedural rules changed by court rule or otherwise generally have prospective effect only. *In re Donovan's Estate,* 266 Mich 362; 253 NW 552; 91 ALR 1418 (1934), *Moore v Spangler,* 401 Mich 360, 368; 258 NW2d 34 (1977). Since the original divorce judgment was actually rendered prior to the date *Serafin* was decided, the trial court might have refused to give the *Serafin* decision any retroactive effect. However, GCR 1963, 528.3(5) provides for relief from judgment where "it is no longer equitable that the judgment should have prospective application". An order of child support has continuing, prospective effect. In light of *Serafin,* it would be inequitable to force an ex-husband who can prove that he is not the father of a child he was obligated to support due to Lord Mansfield's Rule to continue making support payments.[1]

---

[1] It could be argued, then, that we should at least order reimbursement of monies from October 24, 1977, the date of the *Serafin* decision. We disagree because we do not deem it inequitable to refuse

Plaintiff's brief does not analyze this issue in terms of the normal considerations generally deemed controlling when resolving an issue of retroactivity. These considerations are the purpose of the new rule, the reliance on the old rule, and the impact on the administration of justice should the change be given retroactive effect. *Linkletter v Walker,* 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965), *Stewart v Stewart,* 91 Mich App 602; 283 NW2d 809 (1979).[2]

We hold that the reliance on the old rule and the possible adverse impact on the administration of justice were we to give the rule complete retroactive application weighs against plaintiff's position. The new rule's purpose is to avoid an injustice perpetrated on ex-husbands. However, any man considering marriage prior to *Serafin* had it within his power to find out what the law was concerning children born during the marriage. See *Egbert v Greenwalt,* 44 Mich 245; 6 NW 654 (1880). If Lord Mansfield's Rule was deemed overly onerous by a potential husband, he could decline to marry or move to a state which did not follow the rule.

Affirmed.

---

R. M. MAHER, J., concurred.

plaintiff the benefit of the change of law where he did not seek relief from the support order until March, 1978. The modification of the order in dispute was made effective April 7, 1978.

[2] In *Stewart,* one panel of this Court refused to give *Serafin* any retroactive effect and determined that a support order entered prior to *Serafin* could not be negated after *Serafin.* We note that defendant in this case did not file a cross-appeal contending that no retroactive effect should be accorded *Serafin.* Thus, we need not address this issue. It is unlikely, however, that we would adopt the strict nonretroactivity approach of *Stewart* in a case in which the issue was raised. As noted in the body of this opinion, GCR 1963, 528.3(5) provides authority for the proposition that the prospective aspects of a support order may be permissibly modified in light of *Serafin.*

F. X. O'BRIEN, J. *(concurring)*. I reject plaintiff's contention that he is entitled to recoup support payments made to the Department of Social Services.

I agree with my colleagues that an ex-husband who can prove by clear and convincing evidence that he is not the father of a child he is obligated to support is entitled to prospective termination of that obligation. GCR 1963, 528.3(5).

I further agree that *Serafin v Serafin,* 401 Mich 629; 258 NW2d 461 (1977), should not be given retroactive application due to reliance on the old rule and the impact on the administration of justice. In this regard I would add that Lord Mansfield's Rule was an evidentiary rule founded in policy. In Michigan, the considerations underlying the rule were that it lessened the number of public charges and contributed to both familial and societal peace. *In re Wright's Estate,* 237 Mich 375, 381; 211 NW 746 (1927). *Serafin* simply acknowledges that these policy considerations no longer prevail, that the rule has outlived its original policy bases. *Serafin, supra,* 634. Those bases were temporal and mutable. A change in a rule that is based solely in policy does not alter the rule's historical applicability. The change merely recognizes contemporary facts and should therefore be prospectively applied.