LaVERGNE v COMMUNITY NATIONAL BANK OF PONTIAC

Docket No. 67985. Submitted December 13, 1983, at Detroit.—Decided February 21, 1984.

Decedent, Arthur J. LaVergne, had an individual savings account with defendant Community National Bank of Pontiac. The Oakland Probate Court adjudged decedent to be incompetent. Prior to the appointment of a guardian, defendant changed decedent's account to a joint account with his wife, Florence J. LaVergne. She then withdrew the funds in the account and placed them in an individual account in her own name. After decedent's death, plaintiffs, Arthur H. L. LaVergne and Susie LaVergne, were appointed personal representatives of the estate. Plaintiffs brought an action against Florence J. LaVergne to recover the funds. The court ruled that, since Florence LaVergne withdrew the funds from a joint account, the funds could properly be considered a gift to her. Plaintiffs then brought an action against defendant, alleging that it wrongfully changed the status of the account. The Oakland Circuit Court, Alice L. Gilbert, J., ruled that the doctrine of election of remedies barred the action and granted summary judgment for defendant. Plaintiffs appealed. *Held:*

1. The doctrine of election of remedies precludes a person who chooses one of two or more inconsistent remedies from later pursuing any of the remaining remedies, so as to prevent double recovery for a single injury, and not to prevent recourse to alternate remedies. To apply, it is necessary that two or more inconsistent remedies exist and that one of the remedies has been pursued by the plaintiff. This action is not barred by the doctrine of election of remedies. The action against the bank is for breach of contract. The action against Florence LaVergne was for conversion.

2. Collateral estoppel does not bar the action against the bank. Collateral estoppel bars the relitigation of issues which

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Election of Remedies §§ 1, 8 *et seq.*
[2] 59 Am Jur 2d, Parties § 7.
[2, 3] 46 Am Jur 2d, Judgments §§ 397, 518 *et seq.*
[3] 46 Am Jur 2d, Judgments § 404 *et seq.*

have been actually determined in a prior lawsuit between parties or their privies. Further, collateral estoppel applies only where the same ultimate issues underlying the first action are involved in the second action. Defendant bank was not a party or privy to the prior action and the ultimate issues are not the same.

Reversed and remanded.

1. ELECTION OF REMEDIES — APPLICATION.

The doctrine of election of remedies precludes a person who chooses one of two or more inconsistent remedies from later pursuing any of the remaining remedies, so as to prevent double recovery for a single injury, and not to prevent recourse to alternate remedies; to apply, it is necessary that two or more inconsistent remedies exist and that one of the remedies has been pursued by the plaintiff.

2. ESTOPPEL — COLLATERAL ESTOPPEL — PARTIES — PRIVIES.

Collateral estoppel bars the relitigation of issues which have been actually determined in a prior lawsuit between parties or their privies; a party is one who is directly interested in the subject matter and had a right to make a defense or control the proceedings and to appeal from the judgment; a privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through one of the parties, as by inheritance, succession, or purchase.

3. ESTOPPEL — COLLATERAL ESTOPPEL.

Collateral estoppel applies only where the same ultimate issues underlying the first action are involved in the second action.

*Garian & Garian* (by *Marie Garian*), for plaintiff.

*Beier, Howlett, Hayward, McConnell, McCann, Jones, Kingsepp & Shea* (by *Dean G. Beier*), for defendant.

Before: DANHOF, C.J., and ALLEN and M. E. DODGE,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the circuit court's order granting summary judg-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

ment for defendant pursuant to GCR 1963, 117.2, subds (1) and (3). The trial court found that the doctrines of election of remedies and collateral estoppel barred plaintiffs' action.

On October 11, 1972, Arthur J. LaVergne, now deceased, opened an individual savings account with the defendant. In March, 1976, the deceased was found to be incompetent by the Oakland County Probate Court. On April 8, 1976, before the appointment of a guardian, defendant changed the deceased's individual savings account to a joint savings account, allegedly without the consent of Arthur LaVergne. The name of the deceased's wife, Florence J. LaVergne, was added to the account. Immediately after the change in status, Florence LaVergne withdrew the entire balance of $20,217.84 from the newly formed joint savings account and deposited the sums in a separate individual savings account in her own name. Arthur LaVergne died on August 31, 1976.

On February 2, 1977, plaintiffs filed an action against Florence LaVergne to recover the funds allegedly converted from the decedent's joint savings account. In that action, plaintiffs claimed that the proceeds from the joint savings account were improperly withdrawn by the decedent's widow because they were deposited into a joint account only for the decedent's convenience. Plaintiffs allegedly learned for the first time at trial that defendant bank may have improperly changed the individual status of the decedent's account to a joint account, enabling Florence LaVergne to withdraw all of the decedent's savings. The trial judge in that case ruled that, since Florence LaVergne had withdrawn the funds from the joint account, the funds could properly be considered a gift to her.

On April 5, 1982, plaintiffs filed the instant action against defendant, alleging that it wrongfully changed the individual status of the deceased's savings account. Defendant filed a motion for summary judgment, claiming that plaintiffs' original suit against Florence LaVergne in 1977 constituted an election of remedies and barred the instant action. Defendant's motion for summary judgment was granted by the trial court. Plaintiffs' request for rehearing on the motion was denied.

On appeal, plaintiffs argue that the trial court erred by granting summary judgment to defendant on the basis of the doctrine of election of remedies. We agree. In the recent case of *Riverview Cooperative, Inc v First National Bank & Trust Co of Michigan,* 417 Mich 307; 337 NW2d 225 (1983), the Supreme Court overruled its prior decision in *Ielmini v Bessemer National Bank,* 298 Mich 59; 298 NW2d 404 (1941), and held that the doctrine of election of remedies did not bar an action by that plaintiff against that defendant, even though the plaintiff in that case had already obtained judgment against the third-party converters who negotiated checks drawn on the plaintiff's account while not authorized to do so. The court analyzed the election of remedies doctrine fully and found:

"We think that analysis, which indeed underlies the doctrine of election of remedies in the context of this kind of case, is seriously flawed because it rests upon an erroneous premise: the fiction that monies on deposit in a bank in an ordinary checking account and later paid out upon the demand of an unauthorized withdrawer are not the bank's funds because, in proceeding against the converter, the depositor has impliedly asserted that they are not. The theory that they are the funds of the depositor or the funds of the bank depending upon the injured depositor's decision to proceed first against the

converter or first against the bank is a fiction unsupportable in logic or fairness." *Riverview, supra,* p 317.

The Court concluded:

"The remedies, while concurrent, are consistent. There is nothing in the appellant's effort to seek redress against the converters for the wrong done by them which is inconsistent with a subsequent effort to seek redress from the bank for its failure to honor its contractual obligations." *Riverview, supra,* pp 321-322.

The *Riverview* case is directly applicable to the facts before us. Plaintiffs' action against Florence LaVergne was grounded in tort. The present action is against defendant for breach of contract. These alleged wrongs are separate and distinct, yet the remedies sought are consistent. The trial court erred in granting summary judgment to defendant on the basis of election of remedies by plaintiffs.

Plaintiffs also argue that the trial court erred in finding that plaintiffs were collaterally estopped from asserting a claim against defendant. Collateral estoppel bars the relitigation of issues which have been actually determined in a prior lawsuit between parties or their privies. *Darin & Armstrong v Ben Agree Co,* 88 Mich App 128; 276 NW2d 869 (1979), *lv den* 406 Mich 1007 (1979). The Supreme Court quoted with approval the following language regarding parties and their privies:

"Under the requirement of privity, only parties to the former judgment or their privies may take advantage of or be bound by it. A party in this connection is one who is 'directly interested in the subject matter, and had a right to make defense, or to control the proceedings, and to appeal from the judgment.' A privy is one who,

after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase." (Citations omitted.) *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37, 43; 191 NW2d 313 (1971), quoting *Bernhard v Bank of America Nat'l Trust & Savings Ass'n,* 19 Cal 2d 807; 122 P2d 892 (1942).

Under the definition set forth in *Howell,* defendant here was neither a party nor a privy in plaintiffs' prior action against Florence LaVergne. Defendant was not directly interested in the subject matter and had no right to make a defense in the prior action against Mrs. LaVergne for conversion of funds and was thus not a party in any sense. Defendant likewise did not acquire an interest in the subject matter through Mrs. LaVergne or through plaintiffs, the parties to the original action. Defendant having no interest in the subject matter of the first action, there was thus no mutuality of estoppel, since defendant was in no way bound by the judgment rendered in the initial action.

In addition, collateral estoppel applies only where the same ultimate issues underlying the first action are involved in the second action. *Stolaruk v Dep't of Transportation,* 114 Mich App 357; 319 NW2d 581 (1982). Here the ultimate issue in the first action was not, as defendant argued, the ownership of the funds in the deceased's bank account, but whether Florence LaVergne had wrongfully converted some $20,000 which should have been part of the deceased's estate. The ultimate issue in the present action is whether defendant breached its contract with the deceased by allowing Mrs. LaVergne to withdraw funds from the decedent's individual account without proper

authority. The trial judge in the first action determined only that Florence LaVergne had withdrawn funds from a joint account. He made no finding as to whether the account was properly changed from an individual to a joint account.

No collateral estoppel arises under the facts of this case. The trial court erred in granting summary judgment to the defendant.

Reversed and remanded. Costs to plaintiffs.