BLAND v BLAND

Docket No. 74404. Submitted June 13, 1984, at Lansing.—Decided August 7, 1984.

Plaintiff, Yvonne D. Bland, filed a complaint for a divorce from defendant, Gaythorne R. Bland, on November 24, 1976, in the Macomb Circuit Court. Plaintiff alleged that four children were born of the marriage and that the parties had cohabited until September 9, 1976. Defendant answered admitting paternity of the four children but stated that cohabitation had ceased on or about April 19, 1976, although the parties lived under the same roof until about September 9, 1976. On July 25, 1977, plaintiff filed an amended complaint, adding a fifth child born on June 1, 1977. In answer to the amended complaint, defendant neither admitted nor denied the paternity of the fifth child. Defendant's answer to the amended complaint was thereafter withdrawn in favor of a *pro confesso* judgment of divorce. The judgment was entered on October 24, 1977, and provided that defendant pay child support for all five children. On December 27, 1982, plaintiff filed a petition to increase child support for the two youngest children. Defendant answered on January 24, 1983. On August 18, 1983, defendant filed a ·petition for modification of the divorce judgment in which he challenged the paternity of the fifth child. Defendant maintained that because the judgment of divorce was entered on the same day that the Michigan Supreme Court published a case abrogating Lord Mansfield's Rule he was unaware that he could plead absence of access. Defendant requested termination of support payments for the fifth child. Plaintiff answered, stating that defendant was the father of the fifth child. Following a hearing on the defendant's petition, the trial court, George R. Deneweth,

REFERENCES FOR POINTS IN HEADNOTE

10 Am Jur 2d, Bastards §§ 78, 79.

24 Am Jur 2d, Divorce and Separation §§ 497, 1070, 1078, 1079, 1098.

Effect, in subsequent proceedings, of paternity findings or implications in divorce or annulment decree or in support or custody order made incidental thereto. 78 ALR3d 846.

J., denied the petition on the basis of estoppel and laches. Defendant appeals. *Held:*

1. The trial court did not err in denying the defendant's petition for modification of judgment of divorce regarding filiation of the minor child.

2. Plaintiff's request for punitive damages under GCR 1963, 816.5(2) was denied.

Affirmed.

DIVORCE — CHILD SUPPORT — MODIFICATION OF JUDGMENTS — FILIA- TION.

A trial court did not err in denying a defendant's petition for modification of a judgment of divorce regarding filiation of a minor child on the basis of laches and estoppel where six years had passed from the date of the entry of the judgment of divorce to the filing of the petition, where defendant had paid child support during the six years without objection, and where the defendant's petition was filed only when a request to increase support for the child had been made.

*Alspector, Sosin, Mittenthal & Barson, P.C.* (by *Ralph Sosin),* for plaintiff.

*John J. Grech & Associates, P.C.* (by *Dennis C. Laesch),* for defendant.

Before: V. J. BRENNAN, P.J., and CYNAR and E. F. OPPLIGER,* JJ.

PER CURIAM. Defendant appeals as of right from a denial of a petition for modification of a judgment of divorce in which he challenged the paternity of a child alleged to have been born of the marriage. We affirm.

On November 24, 1976, plaintiff filed a complaint for divorce, alleging that plaintiff and defendant had cohabited until September 9, 1976. Four children were alleged to have been born of the marriage. Defendant admitted paternity of the four children. Further in his answer, defendant

* Circuit judge, sitting on the Court of Appeals by assignment.

stated that cohabitation had ceased on or about April 19, 1976, although the parties lived under the same roof until about September 9, 1976. On July 25, 1977, plaintiff filed an amended complaint, adding Paul Andrew Bland, born June 1, 1977, as a fifth child. In answer to the amended complaint, defendant neither admitted nor denied paternity of Paul. Defendant's answer to the amended complaint was thereafter withdrawn in favor of a *pro confesso* judgment of divorce. The judgment entered October 24, 1977, provided for support of the minor children, Paul being included.

On December 27, 1982, plaintiff filed a petition to increase child support for the remaining two minor children, this including support for Paul. Defendant answered the petition on January 24, 1983.

On August 18, 1983, defendant filed a petition for modification of the divorce judgment, challenging the paternity of Paul. Defendant maintained that because *Serafin v Serafin,* 401 Mich 629; 258 NW2d 461 (1977), had not been published at the time of the divorce he was unaware that he could plead absence of access. He requested termination of support payments for Paul. Plaintiff filed an answer with an affidavit attached stating that defendant was the father of Paul. Following a hearing on defendant's petition, the trial judge denied the petition on the basis of estoppel and laches.

Defendant contends that the trial court erred in dismissing his petition for modification of the divorce judgment.

Judgment of divorce was entered in this case on October 24, 1977, the same day that the Michigan Supreme Court abrogated Lord Mansfield's Rule in

*Serafin, supra.* In *Serafin,* the plaintiff-father challenged filiation at the outset and at the divorce trial counsel sought to examine plaintiff regarding access.

The following cases, while distinguishable in some respects, are helpful in reaching a disposition in the matter before us.

In *Thompson v Thompson,* 112 Mich App 116; 315 NW2d 555 (1982), the plaintiff-husband contended, in his 1971 divorce proceedings, that one of the parties' three children was not his son. The judgment of divorce ordered support payments for all three children. Following release of the *Serafin* opinion, the plaintiff moved for relief from the support order as to the boy that he claimed was not his. The trial court granted relief as to any further support obligation but declined to order restitution of support previously paid.

The sole issue on appeal was whether *Serafin* should be accorded retroactive effect and, if so, to what extent. This Court affirmed the lower court's judgment, holding that under the new rule in *Serafin* testimony of nonaccess had prospective application only.

Another panel of this Court, in *Stewart v Stewart,* 91 Mich App 602; 283 NW2d 809 (1979), took a slightly different approach to the problem. There the plaintiff-husband had consistently referred to his daughter as a child of the parties in his pleadings filed in the 1975 divorce case. After the *Serafin* opinion was released, the plaintiff petitioned the court for a determination of paternity. The trial court dismissed the petition and this Court affirmed.

In sustaining the lower court's judgment, this Court declined to give *Serafin* any retroactive impact. Alternatively, the *Stewart* Court found

that the plaintiff's petition was barred by res judicata. The Court also said:

> "Moreover by plaintiff's own actions and conduct, in acknowledging the child as his own throughout the entire divorce litigation, we hold his present claim to be barred by the doctrine of estoppel." *Stewart, supra,* p 605.

As in *Stewart,* the defendant-father in *Cogan v Cogan,* 119 Mich App 476; 326 NW2d 414 (1982), admitted paternity of the couple's two children during the divorce proceedings. More than three years after the divorce judgment, the defendant moved to determine the paternity of his oldest child and to abate child support. He claimed to have newly discovered evidence in the form of the child's driver's license application which allegedly listed a blood type inconsistent with that of the defendant. This Court affirmed the lower court's dismissal of the motion, holding that the defendant had not shown that the evidence could not have been discovered at the time of trial by the exercise of due diligence. This Court also awarded the plaintiff punitive damages under GCR 1963, 816.5, having determined that the defendant's appeal was vexatious.

In our case, pursuant to a stipulation and agreement entered into by defendant with plaintiff, the answer to the amended divorce complaint was withdrawn and a *pro confesso* judgment of divorce was obtained by plaintiff. The judgment of divorce awarded custody of the parties' minor children to plaintiff, together with support. Paul Andrew Bland was named as one of the minor children. The judgment of divorce was affirmed by each party and each attorney for entry. On December 27, 1982, plaintiff filed a petition to increase sup-

port. Defendant replied and prayed for a denial of the increase. On August 18, 1983, or about six years after the entry of the judgment of divorce, defendant filed a petition to modify the judgment of divorce, to find the petitioner not to be the father of Paul Andrew Bland and to terminate support payments.

The child was about 6-1/2 years old on the date of the hearing. In denying the petition on the grounds of laches and estoppel, the trial court observed that six years had passed from the entry of the divorce judgment to the filing of the petition, that support had been paid during this time without objection, and that defendant's petition was filed only when a request to increase support had been made by plaintiff. We find no error. Plaintiff's request for punitive damages under GCR 1963, 816.5(2) is denied.

Affirmed.