COGAN v COGAN

Docket No. 77567. Submitted August 21, 1985, at Detroit.—Decided
    February 19, 1986.

Plaintiff, Sandra Cogan, and defendant, Leon Cogan, were di-
    vorced in the Oakland Circuit Court on April 26, 1978. The
    court adjudged Kevin Cogan to be the minor child of the
    parties and ordered child support. On June 24, 1981, defendant
    filed a motion to determine the paternity of Kevin and to abate
    child support. The court denied defendant's motion and granted
    plaintiff an accelerated judgment on the grounds of estoppel
    and res judicata. The Court of Appeals affirmed, 119 Mich App
    476 (1982). Prior to the disposition of that motion, Sandra
    Cogan, individually and as next friend of Kevin Cogan, brought
    an action in the Oakland Circuit Court against defendant,
    alleging defamation and intentional infliction of emotional
    distress. On December 30, 1982, defendant moved the court to
    compel HLA blood tests for the purpose of proving or disprov-
    ing paternity in furtherance of his defense of truth. The court,
    Gene Schnelz, J., denied the motion, holding that the defendant
    was collaterally estopped to deny paternity. Defendant ap-
    pealed by leave granted. *Held:*

    1. Res judicata bars the relitigation of issues which might
    have been presented in a prior action while collateral estoppel
    conclusively bars only issues actually litigated in the prior
    action. A question has not been actually litigated until put into
    issue by the pleadings, submitted to the trier of fact for a
    determination, and thereafter determined; in order to be liti-
    gated as a matter of fact, the issue must have constituted a
    material question in the other controversy. Paternity was not a
    material issue in the divorce action. Therefore, the entry of the
    judgment of divorce did not bar defendant's subsequent attempt
    to establish nonpaternity.

    2. The dismissal of defendant's petition for determination of

REFERENCES

Am Jur 2d, Judgments § 397.

Doctrine of res judicata or collateral estoppel as barring relitigation
    in state criminal proceedings of issues previously decided in
    administrative proceedings. 30 ALR4th 856.

paternity and abatement of child support does not collaterally estop defendant from attempting to establish nonpaternity in the instant case. Where an action is terminated by the granting of an accelerated judgment, such judgment does not constitute litigation on the merits.

3. The doctrine of collateral estoppel does not apply where, in a subsequent case, the plaintiffs are not the same plaintiffs as in an earlier case and are not in privity to the prior parties. Collateral estoppel does not apply since there is an additional party in the defamation action.

4. Equitable estoppel does not apply since defendant's defense is truth.

Reversed.

CYNAR, J., dissented. He would affirm the result reached by the trial court. He noted, however, that a document referred to by defendant and indicating a blood type for Kevin which would be incompatible with paternity because of plaintiff's and defendant's blood types should be admitted.

### OPINION OF THE COURT

1. ESTOPPEL — COLLATERAL ESTOPPEL.

Collateral estoppel bars relitigation of issues previously decided between the same parties where the second cause of action is different from the first.

2. ESTOPPEL — RES JUDICATA — COLLATERAL ESTOPPEL.

Res judicata bars the relitigation of issues which might have been presented in a prior action; collateral estoppel conclusively bars only issues actually litigated in the prior action; a question has not been actually litigated until put into issue by the pleadings, submitted to the trier of fact for a determination, and thereafter determined, and in order to be litigated as a matter of fact, the issue must have constituted a material question in the other controversy.

3. ESTOPPEL — RES JUDICATA — COLLATERAL ESTOPPEL.

The doctrine of collateral estoppel does not apply where, in a subsequent case, the plaintiffs are not the same plaintiffs as in an earlier case and are not in privity to the prior parties; a judgment, to constitute a bar to a claim in a subsequent action, must be rendered upon the merits, upon the same matter in issue, and between the same parties or their privies.

4. LIBEL AND SLANDER — DEFENSES — TRUTH — COLLATERAL ESTOP-
   PEL.

    *Truth as an affirmative defense does not lie in this action for
    slander to disestablish a fact previously adjudicated.*

*Hyman, Gurwin, Nachman, Friedman & Winkle-
man,* (by *Edward D. Gold* and *Lori A. Lutz),* for
plaintiffs.

*Rubenstein, Isaacs, Lax & Bordman, P.C.* (by
*Steven L. Schwartz* and *Robert A. Kuhr),* for de-
fendant.

Before: MACKENZIE, P.J., and CYNAR and H. E.
DEMING,* JJ.

PER CURIAM. Defendant, Leon Cogan, appeals by
leave granted from the trial court's denial of his
motion to compel discovery. The sought-after dis-
covery consists of a court order to compel the
parties to submit to an HLA blood-group testing.
The reason given by the defendant for such discov-
ery is the necessity of the test to assist him in
proving his defense of "truth" in this lawsuit
brought by his former wife, plaintiff Sandra Co-
gan, and a child born during the marriage, plain-
tiff Kevin Cogan, in which they charge him with
slander, defamation, and intentional infliction of
emotional distress because he stated he is not the
biological father of Kevin Cogan.

Plaintiff Sandra Cogan and the defendant are
not strangers to this Court. *Cogan v Cogan,* 119
Mich App 476; 326 NW2d 414 (1982), *lv den* 417
Mich 988 (1983), involved the defendant's post-di-
vorce motion to challenge the paternity of plaintiff
Kevin Cogan. This Court held in *Cogan, supra,*
that, since the defendant failed to raise the ques-
tion of paternity in the original divorce action, he

* Circuit judge, sitting on the Court of Appeals by assignment.

was precluded from doing so by the doctrine of res judicata.[1]

While the matter of the defendant's position in *Cogan, supra,* was pending in the divorce case, the plaintiffs began this action at law with the attendant right to a jury trial. The defendant answered the plaintiffs' complaint by pleading that any statements he made were true and that truth is an absolute defense to defamation. Defendant then filed his motion to compel the parties (plaintiff Kevin is now an adult) to submit to the HLA tests.[2] The plaintiffs state that they should not be required to submit to such a test because collateral estoppel bars relitigation of the paternity issue, that defendant is barred from denying paternity because of the doctrine of equitable estoppel and, lastly, that defendant has failed to provide a factual basis for his request. The trial judge agreed with the plaintiffs and, in his opinion denying defendant's motion, stated:

"This court is constrained to follow the Court of Appeals' ruling in *Cogan v Cogan,* 119 Mich App 476 (1982). In that opinion the Court concluded that the Defendant was barred from raising the paternity issue under the doctrine of res judicata since Defendant could have raised it at trial. * * * The instant case is governed by the doctrine of collateral estoppel since it involves the same parties but is based on a different

[1] For other cases also relying on the doctrine of res judicata to preclude fathers from denying paternity after a divorce action see *Baum v Baum,* 20 Mich App 68; 173 NW2d 744 (1969); *Stewart v Stewart,* 91 Mich App 602; 283 NW2d 809 (1979).

Other panels of this Court have reached the same result using a different analysis. See, *e.g., Thompson v Thompson,* 112 Mich App 116; 315 NW2d 555 (1982); *Bland v Bland,* 136 Mich App 622; 358 NW2d 23 (1984).

[2] HLA (Human Leucocyte Antigen) blood tests were developed fairly recently and can determine paternity to a 98-99% certainty. This type of test became admissible due to an amendment to the paternity act, 1982 PA 129. See MCL 722.716; MSA 25.496.

cause of action. The issue of paternity has already been litigated and this court cannot compel further discovery on that issue."

Defendant argues that the trial court erred in holding that the collateral estoppel doctrine barred his request for HLA blood testing since the question of paternity has not been actually and fully litigated and since the parties to the divorce proceeding and this proceeding are not the same. We agree.

Collateral estoppel bars relitigation of issues previously decided between the same parties where a second cause of action is different. *Howell v Vito's Trucking & Excavating Co,* 386 Mich. 37, 41-42; 191 NW2d 313 (1971); *LaVergne v Community National Bank of Pontiac,* 132 Mich App 387; 347 NW2d 463 (1984). Unlike the situation before this Court in *Cogan, supra,* the present defamation action is a different cause of action from either the original divorce action or defendant's request for a determination of paternity and/or abatement of child support. Accordingly, principles of collateral estoppel rather than res judicata apply here.

While res judicata bars the relitigation of issues which might have been presented in the first action, collateral estoppel conclusively bars only issues "actually litigated" in the first action. *Stolaruk Corp v Dep't of Transportation,* 114 Mich App 357, 361-362; 319 NW2d 581 (1982); *Braxton v Litchalk,* 55 Mich App 708, 718; 223 NW2d 316 (1974); *Rinaldi v Rinaldi,* 122 Mich App 391, 398; 333 NW2d 61 (1983). A question has not been actually litigated until put into issue by the pleadings, submitted to the trier of fact for a determination, and thereafter determined. *Sahn v Brisson,* 43 Mich App 666, 670; 204 NW2d 692 (1972). Moreover, in order to be "litigated as a matter of

fact", the issue must have constituted a material question in the other controversy. See *MacKenzie v Union Guardian Trust Co,* 262 Mich 563; 247 NW 914 (1933).

In the instant case, paternity was not a material issue in the original divorce proceeding. Accordingly, entry of the judgment of divorce did not act as a bar to defendant's subsequent attempt to establish nonpaternity for the purpose of defending against plaintiffs' defamation action. Nor does the dismissal of defendant's petition for determination of paternity and/or abatement of child support collaterally estop defendant from attempting to establish nonpaternity in the instant case. Where an action is terminated by the granting of an accelerated judgment, such judgment does not constitute litigation on the merits. *Oakley v Dep't of Mental Health,* 122 Mich App 638; 332 NW2d 552 (1983), *vacated on other grounds* 418 Mich 886 (1983). We therefore conclude that the trial court erred in finding that either the original divorce action or the dismissal of defendant's subsequent petition to determine paternity barred any attempt by defendant to defend against plaintiffs' defamation action by establishing nonpaternity.

Moreover, for collateral estoppel to apply, there must be a mutuality of parties. In *Grano v Ortisi,* 86 Mich App 482, 488; 272 NW2d 693 (1978), a case involving the relitigation of issues previously decided but with different parties and in which the trial judge relied upon the doctrine of res judicata and collateral estoppel, this Court in reversing wrote:

"In *Curry v Detroit,* 394 Mich 327, 331; 231 NW2d 57 (1975), the Supreme Court, discussing res judicata stated: 
" 'In *Tucker v Rohrback,* 13 Mich 78 (1864), the Court

said that a "judgment, to constitute a bar to a claim in a subsequent action, must be rendered upon the merits, upon the same matter in issue, and between the same parties or their privies".'

"The mutuality of parties requirement set forth in *Curry* applies equally to the doctrine of collateral estoppel."

Except for the fact that plaintiff Sandra Cogan and defendant Leon Cogan were at one time parties to a divorce action, this case is not unlike *Grano, supra,* because we have an additional plaintiff, Kevin Cogan, seeking money damages. Therefore, the doctrine of collateral estoppel does not apply.

The defense in this case is "truth", and one of the tools the defendant seeks to use to prove this alleged truth is the HLA type test. He should have it to defend this suit brought by the plaintiffs.

Since the defendant has raised truth as a defense, plaintiffs' argument of equitable estoppel is without merit. Plaintiffs' claim that defendant has failed to provide a factual basis for his request ignores the fact that paternity is in controversy and MCR 2.311(A) provides for the relief the defendant seeks.

Our disposition in this case makes it unnecessary to consider the defendant's other argument, that he was denied his constitutional right to present a defense by the trial court's ruling.

Reversed. Costs to appellant.

CYNAR, J. *(dissenting).* I must respectfully dissent.

According to the certified concise statement of facts submitted in this appeal, the following background information is included.

Pursuant to the terms of the contested judgment

of divorce, which was entered on April 26, 1978, the trial court found on the record that Kevin Cogan was the child of the parties. Over three years after the entry of the judgment of divorce, on June 24, 1981, defendant filed a petition to determine paternity seeking a full evidentiary hearing, including blood group testing, on the issue as to whether defendant could be excluded as the father of Kevin Cogan. On July 7, 1981, plaintiff moved for an accelerated judgment alleging the doctrines of res judicata and estoppel barred defendant from disestablishing paternity.

On August 6, 1981, the circuit court entered an order granting accelerated judgment, which in pertinent part stated:

"* * * the court now finds that the Defendant is therefore barred from proceeding to disestablish his paternity on the grounds that this court did on April 26, 1978, enter an order covering the subject of the present proceeding and therefore Defendant's current cause of action is barred."

On appeal from the August 6, 1981, order granting accelerated judgment, the Court of Appeals on July 28, 1982, affirmed the August 6, 1981, order of the trial court. The Court of Appeals on September 15, 1982, denied the application for rehearing. The Michigan Supreme Court on May 17, 1983, denied an application for leave to appeal.

Plaintiffs, Sandra Cogan and Kevin Cogan, filed their complaint in this action on July 7, 1981, against Leon Cogan for defamation and slander. According to the plaintiffs, defendant had falsely and maliciously represented to his present wife, members of his family, the Oakland County Friend of the Court and others that he was not the child's father. In his affirmative defense, defendant as-

serted that his denial of paternity was in good faith and based on evidence that Kevin's blood type was inconsistent with a determination that defendant was the child's father.

The majority opinion observes, after wrestling with the applicability of the often elusive res judicata, collateral estoppel, and equitable estoppel doctrines, that paternity is in controversy and MCR 2.311(A) provides for the relief the defendant seeks. By this, are we to assume that, although prior appropriate litigation established paternity, a subsequent action based on a different theory is permissible to establish nonpaternity?

In effect if defendant is attempting to establish nonpaternity, he is barred from doing so by the August 6, 1981, order granting accelerated judgment.

If the defendant is attempting to raise truth as a defense, he was not precluded from doing so by the trial court. There is no authority presented indicating that, when fatherhood is determined through judicial disposition, this slams the door on the person found to be the father from disputing he is the father if he acts within recognized precepts of the law.

Defendant's affirmative defense asserted that his denial of paternity was in good faith and based on evidence that Kevin's blood type was inconsistent with a determination that defendant was the child's father.

In support of his contention, defendant indicates that in approximately November, 1980, he had occasion to examine a document relating to Kevin Cogan's driver's education. At that time Kevin Cogan was 15 years of age. The document included Kevin Cogan's blood type. He concluded that the blood types of Sandra Cogan and himself could not

produce a child with the blood type possessed by Kevin Cogan.

The truth as an affirmative defense does not lie in this proceeding to disestablish paternity previously adjudicated. However, the defendant in support of his defense against the allegation of slander, defamation, or intentional infliction of emotional distress has a right to offer proof that truth is a defense on the basis that paternity is incompatible with Kevin Cogan's blood type.

I would affirm the result reached by the trial court, with a further observation that the document relating to Kevin Cogan's driver's education referred to in defendant's affidavit can be admitted on the issue of the alleged blood type incompatibility.